CALVIN H. PARMELE, APPELLEE, v. EMMA C. M. SCHROEDER ET AL., APPELLEES, IMPLEADED WITH JOHN LINDER ET AL., APPELLANTS.

61  553
61  695

FILED MARCH 20, 1901. No. 9,084.

1. Foreclosure: DEFICIENCY JUDGMENT. In an ordinary action of foreclosure appellants were made parties, and it was sought to charge them personally for any deficiency which might remain after the sale of the mortgaged premises. In the decree of foreclosure the appellants were found personally liable for the mortgage indebtedness, and in the decree it was adjudged that if the money arising from the sale of the property shall be insufficient to satisfy the amount found due, the sheriff shall specify the amount of such deficiency, and, upon confirmation of such report, the mortgagee, upon application, is entitled to a judgment for deficiency against appellants, and to execution for the amount of the deficiency found due. *Held*, That the decree was not final and appealable as to appellants.

2. ―――: ―――. A deficiency judgment in an action to foreclose a real estate mortgage, under the provisions of our Code of Civil Procedure, as it existed prior to the amendment of 1897, could not be rendered until the coming in of the report of the sale of the mortgaged property. *Devries v. Squire*, 55 Nebr., 438.

3. Final Decree: DEFINITION. A decree is not final and appealable until the court has finally determined and disposed of the entire controversy between the parties, so that nothing remains to be done except to ministerially execute its provisions in the court in which it is rendered.

4. Finding: DEFICIENCY: JUDICIAL FUNCTION. The finding of a trial court of the amount of a deficiency on the incoming of the report of the sale of the mortgaged premises, and rendition of a judgment therefor, are judicial functions.

5. **Former Opinion.** Former opinion, *Parmele v. Schroeder,* 59 Nebr., 553, adhered to.

APPEAL from the district court for Cass county. Heard below before RAMSEY, J. Rehearing of case reported in 59 Nebr., 553. *Judgment of dismissal adhered to.*

*E. E. Aylesworth, Duffie, Gaines & Kelby, Duffie & Van Dusen* and *Morris & Marple,* for appellants.

*Beeson & Root, R. B. Windham, Byron Clark, C. A. Rawls,* and *A. N. Sullivan, contra.*

HOLCOMB, J.

We have heretofore decided that the appeal taken in this action should be dismissed because the decree as against the appellants was not final and, therefore, not appealable. *Parmele v. Schroeder,* 59 Nebr., 553. A motion for a rehearing, accompanied by a very able brief, led us to the conclusion that there was sufficient merit in the contention of appellants' counsel to justify a reexamination of the question. We have taken pains to quite fully examine the authorities to which our attention has been called by counsel on both sides of the controversy, and after a careful consideration of the subject in the light of all the information obtainable, we are more firmly convinced that the conclusions reached and announced in the first opinion are sound, well grounded in principle and should be adhered to.

The suit was an ordinary action in equity for the foreclosure of a real estate mortgage, the sale of the premises mortgaged to satisfy the amount found due and to charge the appellants personally with any deficiency that might remain after the sale of the mortgaged property and the application of the proceeds to pay the mortgage debt. The court found the appellants personally liable for the mortgage indebtedness, and in the decree it was adjudged that if the money arising from the sale of the property shall be insufficient to satisfy the amount found due, the

sheriff shall specify the amount of such deficiency, and
that, upon confirmation of such report, the mortgagee,
upon application, is entitled to a judgment for deficiency
against appellants and entitled to execution for the
amount of the deficiency found due. By section 847 of
the Code, as it existed prior to the amendment of 1897,
it is provided: "When a petition shall be filed for the
satisfaction of a mortgage, the court shall not only have
the power to decree and compel the delivery of the pos-
session of the premises to the purchaser thereof, but on
the coming in of the report of sale the court shall have
power to decree and direct the payment by the mortgagor
of any balance of the mortgage debt that may remain un-
satisfied after a sale of the mortgaged premises, in the
cases in which such balance is recoverable at law; and
for that purpose may issue the necessary execution, as
in other cases, against other property of the mortgagor";
and in section 849 provisions are made for bringing in
other persons than the mortgagor, who may be obligated
to pay the debt for the satisfaction of which the proceed-
ings are instituted, and in the same manner to decree pay-
ment of any deficiency as to such other persons. While
the appellants' counsel endeavor to make a distinction
between the procedure under the two sections referred
to, we are disposed to the view that the latter should be
construed with reference to and in connection with the
former, which is controlling as to the authority of the
trial court to render a personal judgment in such pro-
ceedings. As to a judgment for a deficiency, it seems
quite clear under these provisions that it can not be
determined or rendered until after a report of the sale of
the mortgaged premises, a confirmation thereof and a
judicial determination by the trial court as to the amount
for which the judgment may be rendered. In the pro-
ceedings and decree of foreclosure no judgment is in
fact rendered against appellants. No amount of recov-
ery is mentioned, nor is it sought to be determined. At
most, the decree finds that a personal liability exists

against them, and decrees or declares that upon certain contingencies, which may or may not arise, a judgment may be applied for and obtained on the incoming of the report of the officer of the sale of the mortgaged property. It can not, we think, be said that this is a final decree; that as to the issues between the appellants and the mortgagees, it disposes of the controversy between them, and leaves nothing to be done save to carry out and enforce the decree by those acting only in a ministerial capacity. It is only an interlocutory decree, litigating to a certain point the issues in controversy, where the litigation is suspended and leaves yet another and future judicial order and action to be taken before their rights are ultimately and finally adjudicated and determined. It has only the force and effect of a special finding or order that the appellants are liable upon the indebtedness for a judgment *in personam* if after the report of the sale of the property a deficiency exists. It lacks an essential element to make it a judgment or final decree in fact, and other and subsequent action by the court in the exercise of its judicial functions is absolutely necessary before there is a final adjudication concluding the rights of the parties and giving to it the character of a final order, decree or judgment, from which an appeal will lie. The decree does not purport to award any personal judgment against appellants. They can in no way be injured or damnified until something further is done of a judicial character upon which a process can issue. No sum of money is awarded appellees upon which a general execution will rest, and no execution can issue. Nor can the decree as to appellants be enforced by ministerial acts to carry it into execution in the future. Further exercise of the power of the court acting judicially must be resorted to before the rights of the parties are effectually and finally determined with respect to a judgment *in personam* for any deficiency that may exist after the exhaustion of the security pledged for the payment of the debt.

This court is committed to the doctrine that no decree or judgment for a deficiency in a foreclosure suit can be rendered until after the report of the sale of the mortgaged premises and the application of the proceeds to the satisfaction of the mortgaged debt. In the case at bar the wording of the decree can not, we think, be construed as a finality in decreeing or adjudging any recovery whatever against appellants. It only purports to decree that on the incoming of the report of the sale of the mortgaged premises, if the money arising therefrom be insufficient to satisfy the amount found due, the deficiency shall be specified, and upon application the mortgagee is entitled to a judgment for the deficiency and to execution for the same.

In *Clapp v. Maxwell*, 13 Nebr., 542, it is held in the second and third paragraphs of the syllabus: "By a decree of foreclosure of a mortgage upon real estate, a court possesses no power to give a lien upon, or to affect any other property of the mortgagor until that included in the mortgage is exhausted"; and, "a general execution cannot be issued on a decree of foreclosure, except by order of the court, made on the report of sale, and for a deficiency ascertained after the mortgaged property is exhausted." In that case the decree adjudged and decreed that the mortgagee should have and recover of the mortgagor the amount of the debt found due, and yet the court held that as to any personal judgment attempted to be rendered, it was a mere nullity, and that such judgment could not be rendered until after report of the sale of the property mortgaged. Says Mr. Chief Justice LAKE in the opinion: "The decision of the question of the plaintiffs' right to the injunction sought, independently of the incidental question of homestead, depends entirely upon the effect that must be given to the judgment in the foreclosure suit. If, as its form in part might indicate, it is really a judgment *in personam*, and effective as such, then it follows that the execution was properly issued, and the plaintiffs' right to relief is

contingent upon the possibility of the property levied upon being found to have been exempt from forced sale when they purchased it from the said Lucretia Altaffer." And after discussing the same provisions of the statute now under consideration, on page 546 he says: "Taking the entire decree together, we find that the court, after considering that 'the said plaintiffs recover,' etc., went on and provided minutely just how it should be done, but it was not by means of an ordinary execution. The decree provides that payment shall be made from the proceeds of a sale of the mortgaged premises, after the satisfaction of a prior lien. No provision is made for a deficiency, nor could there properly have been at that time. It is only 'on the coming in of the report of sale' that a deficiency can be ascertained and provided for. Therefore, taking the whole decree together, we are of opinion that, although in its wording somewhat informal, in effect it conforms substantially to the statute governing the foreclosure of mortgages, was not a lien upon property not embraced in the mortgage, and did not authorize the issue of the execution complained of."

In *Devrics v. Squire*, 55 Nebr., 438, it is held: "A deficiency judgment in an action to foreclose a real estate mortgage under the provisions of our Code of Civil Procedure, as it existed prior to the legislative session of 1897 (see Code of Civil Procedure, sec. 847, Compiled Statutes, 1895), could not be rendered until the 'coming in of the report of the sale' of the mortgaged property."

In *Brown v. Johnson*, 58 Nebr., 222, it is said by NORVAL, present C. J.: "The litigation of the liability for a deficiency could be as appropriately and satisfactorily carried on, and the question adjudicated, after the sale, as prior to the rendition of the decree. The usual and better practice is not to determine the liability of a defendant in a foreclosure for a deficiency judgment until after the report of the sale, when, for the first time, it can be definitely ascertained that a deficiency actually exists."

The case of *Millard v. Parsell*, 57 Nebr., 178, cited in the first opinion under the issues formed and the decree rendered, is quite analogous to the one at bar, and it was there held: "An order that after exhausting the remedy against the principal debtor the creditor may apply for and obtain a judgment against a guarantor of collection is not final, and therefore not appealable." Says Mr. Commissioner IRVINE, who wrote the opinion: "The court did not give judgment against the Ballous, but ordered that should there still remain a deficiency after subjecting the land in controversy to the payment of the Parsell judgment, plaintiff might then apply for and obtain judgment against the Ballous. The Ballous undertake to appeal from this part of the decree, but their appeal is premature. The two causes of action are entirely distinct, and the decree, so far as it affects the Ballous, is not final. There is no judgment against them yet; *non constat* that there will ever be. If there should be, they may then have it reviewed."

In *Parr v. Lindler*, 18 S. E. Rep. [S. Car.], 636, under a statute substantially the same as ours, it is held that a personal judgment for a deficiency in a foreclosure proceeding can not be rendered until after the sale and a report thereof has been made, and that a personal judgment rendered in a decree of foreclosure is utterly null and void. Says McIver, J., in a concurring opinion: "If, then, as is most conclusively shown in the opinion of Mr. Justice McGowan, no personal judgment can be rendered for any deficiency until after the sale of the mortgaged premises, when alone the amount of such deficiency can be ascertained, it follows, necessarily, as it seems to me, that anything purporting to be a judgment for such deficiency, rendered before the amount thereof could possibly be ascertained, would be a mere nullity, and would afford no basis for an execution to enforce it. Indeed, it is utterly incomprehensible to me how a judgment for the payment of money could be rendered before the amount thereof had been, or could possibly be, ascer-

tained. Again, it seems to me that, after a sale of the mortgaged premises has been made, the question, whether there is any deficiency, and if so, the amount thereof, is a judicial question, upon which the mortgagor has a right to be heard, as grave and difficult questions might be presented as to the application of the proceeds of the sale of the mortgaged premises, which surely ought not to be left to the decision of a mere ministerial officer who makes the sale, but which should be determined by the court."

In Pingrey on Mortgages (vol. 2, sec. 2029) the same doctrine is announced as to the rendition of a judgment for a deficiency.

The proper deductions from the foregoing are that a final decree or judgment for a deficiency in foreclosure proceedings can not be rendered until after the incoming of the report of the sale of the mortgaged property, and that if in form a judgment is in fact rendered, it is a mere nullity, which does not conclude the rights of the parties thereto, or upon which execution may issue.

In *Keystone Iron Co. v. Martin,* 132 U. S., 91, the question as to what is a final decree or order which is appealable has received very careful and thorough consideration, and many cases are cited in support of the proposition that the decree is not final until the court has finally determined and disposed of the entire controversy between the parties, so that nothing remains to be done except to ministerially execute its provisions in the court in which it is rendered. Chief Justice Waite, in *Bostwick v. Brinkerhoff*, 106 U. S., 3, states the principle as follows: "The rule is well settled and of long standing, that a judgment or decree, to be final, within the meaning of that term as used in the acts of congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered." To the

same effect is *Dainese v. Kendall*, 119 U. S., 53, cited in the former opinion in the present case.

In any view of the question the rule seems to be that the decree, to be final, must be definite, certain and capable of immediate enforcement, and that the subsequent proceedings are only means of executing the decree.

In *Longworth v. Sturges*, 6 Ohio St., 143, 154, it is said that in order that a decree shall be final, there must be a disposal of the whole merits of the cause and the suitors out of court, before a decree can acquire that character of finality which subjects it to review.

In *McGourkey v. Toledo & O. C. R. Co.*, 146 U. S., 536, 545, it is said by Mr. Justice Brown: "If, however, the decree of foreclosure and sale leaves the amount due upon the debt to be determined, and the property to be sold, ascertained and defined, it is. not final, [citing *Railroad Co. v. Swasey*, 23 Wall. [U. S.], 405, and *Grant v. Phœnix Ins. Co.*, 106 U. S., 429]. A like result follows if it merely determines the validity of the mortgage, and, without ordering a sale, directs the case to stand continued for further decree upon the coming in of the master's report." And further on in the opinion it is observed: "It may be said in general that if the court make a decree fixing the rights and liabilities of the parties, and thereupon refer the case to a master for a ministerial purpose only, and no further proceedings in court are contemplated, the decree is final; but if it refer the case to him as a subordinate court and for a judicial purpose, as to state an account between the parties, upon which a further decree is to be entered, the decree is not final"; citing *Craighead v. Wilson*, 18 How. [U. S.], 199, and *Beebe v. Russell*, 19 How. [U. S.], 283.

It can hardly be said, we think, that it is not required, before the decree sought to be appealed from can be effective, or determine. finally the rights of the parties, that a further order or entry, judicial in its nature, is required

40

to be made, determining and fixing the amount of the deficiency and rendering judgment therefor.

We are referred to decisions by the supreme court of Wisconsin in support of the views contended for by counsel for appellants, but upon examination we find that the procedure in that state is regulated by statute, and that an order directing a personal judgment against a defendant or any deficiency after sale of the mortgaged premises is appealable, as it "involves the merits of the action," which fact determines the right of appeal, regardless of its finality.

The decisions of the supreme court of Michigan are also appealed to as sustaining appellants' position, but upon examination we find that in that state, while the practice is different, a decree of personal liability is held not to be final, but to be contingent and declaratory only of the future order, upon which a personal judgment may be rendered, and can fix no rights; that the jurisdiction of the court is to be exercised, and the trial of liability had on a new hearing, after the deficiency is reported. *Prentis v. Richardson's Estate*, 76 N. W. Rep. [Mich.], 381; *Shelden v. Erskine*, 44 N. W. Rep. [Mich.], 146.

Without further citations of authorities, of which there are many, we are firmly of the opinion that the decree sought to be appealed from, as to appellants, is interlocutory in character only, and before it can be made effective and final, further judicial action is required of the court in which the proceedings are pending, which fact must be held to be decisive of the question of finality.

The judgment of dismissal heretofore rendered is adhered to.

Appeal dismissed.