ANDREW J. HANSCOM, APPELLANT, V. MAX MEYER ET AL.,
APPELLEES.

FILED MAY 22, 1901.   No. 11,583.

1. **Repeal of Statute:** DEFICIENCY JUDGMENT: ACTIONS PENDING: The
repeal of sections 847 and 849 of the Code of Civil Procedure
(Session Laws, 1897, ch. 95), permitting the recovery .of. defi-
ciency judgments, did not affect actions then pending. *Thompson
v. West*, 59 Nebr., 677.

2. **Foreclosure:** JUDGMENT IN PERSONAM: PENDING ACTION.   An action
brought for the foreclosure of a real estate mortgage and to
recover a judgment *in personam* for any deficiency, in which a
decree had been rendered ordering a sale of the property and
holding defendants personally liable for any deficiency, prior
to the repeal of the statute, is a "pending action" for the recov-
ery of a personal judgment, within the meaning of section 2,
chapter 88, entitled "An act concerning the enacting and repeal-
ing of statutes."

APPEAL from the district court for Douglas county.
Heard below before KEYSOR, J.   *Reversed.*

*George E. Pritchett*, for appellant.

*Thomas F. Lee, James H. McIntosh, Lodowick F. Crofoot*
and *Charles S. Elgutter, contra.*

HOLCOMB, J.

In 1895, and long prior to the repeal of sections 847
and 849 of the Code of Civil Procedure, authorizing the
recovery of a deficiency judgment in an action for the
foreclosure of a real estate mortgage (Session Laws, 1897,
ch. 95), the appellant, as plaintiff, instituted an action
for the foreclosure of a real estate mortgage securing a
debt to him owing by the appellees and for the recovery
of a judgment *in personam* against those liable on the
notes secured by such mortgage for any deficiency re-
maining after the sale of the mortgaged property and the
application of the proceeds thereof to the satisfaction of
the mortgage debt.   After the appearance of the parties

and joinder of issues, and yet before the repeal of the sections mentioned, a trial was had in which it was found that a certain sum was due the plaintiff on the notes and mortgage pleaded in the petition as his cause of action, and decreeing a sale of the mortgaged premises upon which such sum was found to be a valid lien; and also decreeing that appellees, defendants in the action, were jointly and severally liable to the plaintiff for any deficiency remaining after the application of the proceeds of the sale of the property covered by the mortagage lien. An appeal was taken from the decree so rendered to this court, on consideration whereof the same was affirmed. During the pendency of the appeal the sections of the Code first referred to were repealed by the legislature of 1897. Afterwards, and at the time of confirmation of the sale of the premises on the decree so rendered as aforesaid, it appearing that the proceeds of the sale of the property were insufficient to satisfy the amount found due with costs, the plaintiff moved for judgment against the defendants found personally liable for the indebtedness, which upon consideration was denied by the trial court. From the order denying him a judgment *in personam* for the deficiency remaining unsatisfied appellant appeals.

Two questions not at all related are presented and argued in brief of counsel for appellant. First, it is argued that the legislation of 1897 (Session Laws, 1897, ch. 95) repealing sections 847 and 849 and amending section 848 of the Civil Code, in so far as it applies to the action then being prosecuted by plaintiff for the recovery of the debt and enforcement of the contract as aforesaid, is void, and of no effect, as being in conflict with the federal constitution prohibiting legislation impairing the obligation of a contract. And second, in view of the provisions of section 2, chapter 88, Compiled Statutes, 1899, being a general saving clause with respect to the effect of a repealed statute on actions pending at the time of repeal or causes of action founded thereon which have accrued

prior thereto, it is contended that plaintiff is entitled to the judgment asked for, notwithstanding the repeal of the statute on which the right to the relief asked was founded. A proper discussion of the case requires the consideration of the proposition last advanced first, for if the repealed law in no way affects actions pending, or where the cause of action accrued prior to the repeal, it is useless to further proceed in the review of the proceedings had in the lower court. An affirmative answer requires a reversal of the order complained of, regardless of the scope and effect of the repeal of the sections referred to on other contracts. Section 2, chapter 88, entitled "An act concerning the enacting and repealing of statutes," reads as follows: "Whenever a statute shall be repealed, such repeal 'shall in no manner affect pending actions founded thereon, nor causes of actions not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." The repealing act of the sections mentioned is general in its terms and contains nothing to indicate any legislative intent other than that the general section governing repeals, just quoted, should apply with the same force it possesses in relation to any other repealed statute. A general saving clause regarding repealed statutes is by the authorities held to apply as though it was expressly incorporated in the repealing act, and this view of its effect has heretofore been announced by this court in the case of *Kleckner v. Turk*, 45 Nebr., 176, 195, where it is observed by Mr. Justice HARRISON writing the opinion: "The general saving clause of our statute would have saved all actions pending under the provisions of the sections repealed, or causes of action not in suit, that accrued prior to the passage of the repealing act, if it had not been expressed in or clearly shown by the statute of 1891, which repealed sections 136 and 139, that it was not the purpose of the legislature that such pending actions and those accrued, but not in suit, should be preserved, "citing *Gilleland v. Schuyler*, 9 Kan., 569; *State v. Boyle*, 10 Kan., 113. Suther-

land on Statutory Construction states the rule as follows: "The legislature has the power to pass a general saving statute, which shall have the force and effect to save rights and remedies, except where the repealing statute itself shows that it was not the intention of the legislature that such rights and remedies should be saved. Though one legislature cannot bind future legislatures, and each can make its laws prevail against any that exist, and its intention in that regard will be law; yet, as all legislatures are presumed to proceed with a knowledge of existing laws, they may properly be deemed to legislate with general provisions of such a nature in view." Sutherland, Statutory Construction, sec. 226, and cases cited. In section 167 it is observed by the same author: "The effect of repeal upon inchoate rights, upon offenses and upon incomplete proceedings may be avoided by a saving clause providing that it shall not affect such rights, prosecutions for such offenses, or such proceedings, or by a general statute for that purpose. Such general statutes have been enacted in nearly all of the states as well as by congress." In *Thompson v. West*, 59 Nebr., 677, recently decided in this court, it is held first: "In the absence of a general saving clause, the repeal of a statute will not affect a suit previously brought to enforce a right founded thereon or accrued thereunder." And second: "The repeal of the statute permitting the recovery of deficiency judgments did not affect actions then pending." Says NORVAL, C. J.: "On the other hand if the power to render a deficiency judgment is purely statutory, as was intimated in *Devries v. Squire*, 55 Nebr., 438, it is equally clear that as to pending suits such right was not abolished by the repeal of said sections, owing to the provisions of section 2, chapter 88, Compiled Statutes, quoted above." We regard the opinion in the case last cited as decisive of the question. A distinction is sought to be drawn between that case and the one at bar by reason of the fact that in the case cited a request for a deficiency judgment was

made after the incoming of the report of the officer mak-
ing the sale of the mortgaged premises, and before the
repeal of the law empowering the court to render such
judgment; while in the present case the decree of foreclos-
ure only had been rendered and the property not yet sold
when the repealing act took effect. We do not think the
principle applicable is at all different in either case, or
that the general statutory saving clause does not cover
and include the proceedings in the case at bar and save
to the parties such rights as they possessed in the pend-
ing action as fully as if the repeal had not taken place.
The right of action had accrued and the action was pend-
ing. The cause of action entitling the plaintiff to a de-
ficiency judgment was stated in the petition filed long
prior to the repeal of the statute. To say that the action
was not pending at the time of the repeal of the statute
is but playing with words. It was not only pending, but
the trial court had litigated the question and decreed
that the defendants were liable for any deficiency judg-
ment that might remain after a sale of the mortgaged
premises. It has been decided by this court at different
times that the liability of a party for a deficiency judg-
ment may be, as it frequently is, litigated at the hearing
when the decree of foreclosure is rendered, although the
practice is not to be commended. If the question of lia-
bility for a deficiency judgment may be thus litigated,
as it was in this case, at the time of entering the decree
of foreclosure and before the repeal of the law, can it be
said the action was not pending; and if the action is pend-
ing rightfully, can it be said a cause of action has not
accrued? While a final judgment for a deficiency may
not be rendered until after the incoming of the officer's
report of sale of the mortgaged premises, this fact does
not determine either the question of when the cause of
action accrued or when the action for the recovery of
such judgment was begun, or during what time it was
pending. The object of the statute prior to its repeal
was to permit of the determination of the entire con-

troversy in the one action, the pendency of which must be considered as commencing at the inception of the suit for the purpose of a foreclosure of the mortgage, and also the recovery of a judgment *in personam* for any deficiency remaining after a sale and application of the proceeds of the property incumbered as security for the debt.

The order denying plaintiff's motion for a deficiency judgment must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.