Algernon S. Patrick et al. v. National Bank of Commerce.

Filed December 4, 1901. No. 10,693.

Commissioner's opinion, Department No. 3.

1. **Deficiency Judgment:** Repeal of Section: Pending Action. In an action of foreclosure commenced prior to the repeal of section 847 of the Code of Civil Procedure, the court is authorized to enter a deficiency judgment against those personally liable for the debt, when a deficiency exists, notwithstanding the repeal of said section.

2. **Facts in Petition:** Jurisdiction: Motion. Where facts showing defendant's liability for a deficiency are set out in the petition to foreclose, and judgment for a deficiency against those personally liable for the debt is prayed, the court has jurisdiction, after a sale of the mortgaged premises, to enter a deficiency against the defendants so found liable on a motion therefor by the plaintiff.

3. ————: FINDING OF COURT: SETTING UP NEW FACTS. Where, in a petition filed to obtain the foreclosure of a mortgage, facts are alleged showing a personal liability on the part of the defendants for the payment of the debt, and judgment for deficiency is asked against them, and where the court, in its decree, finds that they are personally liable for the payment of any deficiency that may exist after a sale of the mortgaged premises, they can not, while such decree remains in force and unmodified, be permitted, when judgment for deficiency is sought, to set up facts which existed when the original decree was obtained, to show that they are not liable. *Stover v. Tompkins*, 34 Nebr., 465.

4. Foreclosure: STATUTE OF LIMITATIONS: TOLLED BY FORECLOSURE AS TO NOTES NOT OUTLAWED. Where, in a petition to foreclose a mortgage, a deficiency judgment is asked against the defendants who are personally liable on the notes, the running of the statute of limitations is tolled as to such notes as were not outlawed at the commencement of the action.

5. Ratable Distribution: DEFICIENCY JUDGMENT: STATUTORY BAR. Where a mortgage is given to secure three notes, and at the date of the commencement of an action to foreclose the mortgage the note first maturing is outlawed, so that no personal action could be maintained thereon, and where the mortgage security does not sell for sufficient to pay the mortgage debt, the court should direct the proceeds of the sale to be applied, first, to the payment of costs, and, second, to be ratably distributed in discharge of all the notes, and should give judgment for deficiency against the defendants only for the amount remaining unpaid on the two not barred when the action was commenced, after such ratable application of the proceeds of sale.

ERROR from the district court for Douglas county. Tried below before SCOTT, J. *Modified.*

*John O. Yeiser, E. C. Page* and *John H. Grossman,* for plaintiffs in error.

*E. J. Cornish, contra.*

DUFFIE, C.

By their petition in error, the plaintiffs question the correctness of an order of the district court in entering a deficiency judgment against them in a foreclosure proceeding. On April 1, 1887, John H. Grossman executed and

delivered to Algernon S. Patrick three promissory notes, —two for $883 each, and one for $884. These notes matured in two, three and four years from their date and were secured by a mortgage upon lots seven and eight in block four of A. S. Patrick addition to the city of Omaha.

Prior to the maturity of said notes, Patrick sold and indorsed the same to the defendant in error, which commenced this action to foreclose the mortgage by filing a petition therefor on March 21, 1895, but no summons was issued until April 13, 1895; and service was had upon Grossman April 16, 1895, and on Patrick April 17, 1895. The petition, in addition to a prayer for the foreclosure of the mortgage, also asked that the defendants, Grossman and Patrick, be adjudged to pay any deficiency which shall remain after applying the proceeds of a sale to the payment of the debt. Each of the defendants in that case made the following answer:

First. "That the note dated April 1, 1887, and payable two years after date, for the sum of $883, this defendant executed and delivered to said Algernon S. Patrick; but this defendant alleges the fact to be that more than five years have elapsed since said note became due and payable before the commencement of this suit, and that said note is barred by the statute of limitations in this state, and that this defendant is not liable thereon to the plaintiff, or any person or persons whomsoever, by reason thereof."

Second. "This defendant further says that he denies each and every other allegation in said petition contained, not hereinbefore admitted to be true."

A decree was entered October 16, 1895, foreclosing the mortgage and ordering a sale of the premises in satisfaction of the amount found due. Relating to the plea of the statute of limitations interposed by the defendants to the note first maturing, the court made the following finding:

"The court further finds that the note described in the second paragraph of said petition dated April 1, 1887, for $883 due two years after date thereof, is barred by the

statute of limitations of the state of Nebraska and that the plaintiff is not entitled to a deficiency judgment on said note in case said premises do not sell for sufficient to satisfy the amount owing thereon."

Relating to the liability of the defendants for a deficiency, the court found as follows:

"That on the confirmation of said sale, the said plaintiff shall be entitled to apply for a deficiency judgment against said named defendants and in case said described real estate shall not sell for sufficient to satisfy the note described in the second paragraph of plaintiff's petition, the judgment for deficiency shall be in the sum of the amount found due as aforesaid upon the notes described in the third and fourth paragraphs of plaintiff's petition."

The decree, before being entered, was presented to defendants' attorneys and its form approved. The nine months stay provided by the statute was applied for and taken by the defendants, and after its expiration a motion to confirm the sale and for a deficiency judgment was made by the bank. Upon the filing of said motion the defendants filed objections to the confirmation of the sale, and to the rendition of the deficiency judgment against them:

"First. Because the court is without jurisdiction to enter a deficiency judgment in the absence of a petition duly verified setting forth facts to authorize the court to enter a deficiency judgment if the court had jurisdiction to enter such judgment.

"Second. Because the court has no jurisdiction to enter a deficiency judgment in a foreclosure proceeding.

"Third. Because when said notes and mortgage were taken by said bank, the plaintiff expressly agreed to look only to the property for the payment of the amount due on said notes.

"Fourth. Because plaintiff did not make any demand of payment upon the maker of said notes at maturity, and refusal of payment, and without notice to this defendant.

"Fifth. Because the said notes in controversy were ma-

terially altered without the consent of this defendant after coming into the possession of the plaintiff or the Bank of Commerce.

"Sixth. Because said notes were indorsed by this defendant for the sole purpose of making the same bankable paper, and because no liability did arise against this defendant on account of his said indorsement.

"Seventh. Because all of the said notes at the time of the filing of the motion for confirmation of sale and deficiency judgment were outlawed."

These objections were supported by the affidavits of Frank B. Johnson and Algernon S. Patrick to the effect that at the time the notes were indorsed over to the bank, it was agreed between Patrick and the officers of the bank that no liability should attach to Patrick on account of his indorsement, and that the bank would look solely to the real estate covered by the mortgage for the collection of the amount due thereon; and, second, that the waiver of protest indorsed upon the back of the notes was placed there by some one after the same was indorsed by Patrick and delivered to the bank. The court overruled these objections and entered an order confirming the sale, and giving judgment against Grossman and Patrick for the deficiency. From this order the defendants have taken the record to this court for review.

We will notice the objections made by the plaintiffs in error in the order in which they occur:

It is first insisted that in the absence of a petition, duly verified, setting forth the facts upon which a deficiency judgment is asked, the court is without jurisdiction to enter the same. This objection requires us to examine the statute relating to foreclosure proceedings as it existed at the date of the commencement of this action. Sections 847 and 849 of the Code of Civil Procedure were as follows:

"When a petition shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of the possession of the premises

to the purchaser thereof, but on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution, as in other cases, against other property of the mortgagor."

"If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the petition, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

From these two sections it is apparent that but one action was contemplated by the legislature in the foreclosure of a mortgage to obtain not only a decree of foreclosure, but a judgment for any deficiency existing as well. This appears plain from the reading of section 849. Where the mortgage debt is secured by obligation of any person besides the mortgagor, such party may be made a party to the petition in foreclosure, and the court may decree payment of the balance of such debt remaining unsatisfied after the sale of the premises as well against such other person as the mortgagor. This certainly does not contemplate a separate and independent action for the recovery of a deficiency, even as against a third party; and it as certainly contemplates that the petition shall contain allegations sufficient to warrant the court in giving a judgment for a deficiency in case the plaintiff desires such relief, and the trial of any issue made thereon by the defendant's answer. Regardless of the holding of the courts of other states made under similar statutes, we believe the practice in this state of applying for a deficiency judgment by motion merely has been so long followed that no good purpose would be served by departing from that prac-

tice at this late day. Indeed, if we should go to the extent asked by the plaintiffs in error, and hold that the court had no jurisdiction to enter a deficiency judgment, except upon a petition duly verified, the consequences which might follow would be of the gravest character. The title to valuable real estate might be questioned and unsettled, and that permanency and confidence which it is desirable that all titles based upon a judicial sale should have, would no longer attach to execution sales heretofore made in satisfaction of deficiency judgments. Again, and regardless of the question of public policy involved in the determination of the practice, we think that it has been settled by the former decisions of this court. In *Graves v. Macfarland*, 58 Nebr., 802, the right of the district court to enter a deficiency judgment, without special notice of an application therefor, was before the court, and it was held that "the jurisdiction of the district court to render a deficiency judgment, under the provisions of section 847 of the Code of Civil Procedure, did not depend upon the service of any notice other than the original summons." This is a holding clear, distinct and positive, that a deficiency judgment entered upon the original petition filed in the case, without notice even to the defendant that application would be made therefor, is good; the inference clearly being that the entry of a deficiency judgment is a part of the original case and ancillary thereto, and that when a party is summoned in the original case he must take notice of all steps taken by the court down to the entry of a judgment for a deficiency, if one exists, and is demanded.

· The second objection made is that the court has no jurisdiction to enter a deficiency judgment in foreclosure proceedings since the repeal of section 847 of the Code of Civil Procedure. Relating to this, it is sufficient to say that this action had been commenced and was pending when the act repealing section 847 went into effect, and the repeal of that section had no effect upon pending actions. This was determined by this court in *Thompson v. West*, 59 Nebr., 677, where it is said that "the repeal of the

statute permitting the recovery of deficiency judgments did not affect actions then pending."

The third, fourth, fifth and sixth objections may be considered together, as they all relate to matters of defense against the notes existing in favor of the defendant Patrick at the time the action was commenced, and he should, if he desired to urge these defenses, have presented them to the court in his answer made in the foreclosure case. It will hardly do for the plaintiffs in error to say that they tried the case upon the theory that any defense which might exist in their favor to prevent a deficiency judgment could be urged only at the time when a deficiency judgment was sought, because in their answer they recognize the fact that a deficiency judgment was being asked against them if the mortgaged property failed to satisfy the claim, and they set up as a defense to any claim for a deficiency judgment on the note first maturing, the fact that it was barred by the statute of limitations prior to the commencement of the action. We mention this to show that the plaintiffs in error were not misled or in doubt as to the practice in cases of this character, and if they neglected to set up other defenses existing in their favor as against a deficiency judgment, they must suffer the consequences of their neglect. They themselves called upon the court for relief against a deficiency judgment because a part of the claim secured by the mortgage was barred by the statute of limitations, and we can not think that they will now insist that the court should allow them to split their defense, urging such as they thought proper in their answer to the petition, and reserving such other as they might have to be used on the plaintiff's application for a deficiency judgment. Such a course of practice could not be tolerated under any circumstances, and the district court very properly followed the rule announced in *Stover v. Tompkins*, 34 Nebr., 465, to the effect that one who was made a party to an action in foreclosure, and who was found liable in case of a deficiency, would not be permitted, when judgment for the deficiency was sought against him, to set up facts which existed when the original decree was

obtained, and which should have been pleaded to show that he was not liable. This case was cited with approval in *Kloke v. Gardels*, 52 Nebr., 117, and the practice is now too firmly established by the decisions of this court to be questioned or doubted.

The seventh objection urged against a deficiency, namely, that "all of the said notes at the time of the filing of the motion for confirmation of sale and deficiency judgment were outlawed," was properly overruled as to the two notes last maturing. These notes were not barred at the time the action was commenced. That action, as disclosed by the petition, was not only to foreclose the mortgage, but also to obtain a personal judgment upon the notes for any deficiency remaining after the application of the mortgage security. This, undoubtedly, was the commencement of an action upon the notes themselves, and it is needless to cite authorities to the effect that the statute does not run against a cause of action, while a suit thereon is pending.

It is further urged that the judgment is contrary to law, and that it is not sustained by sufficient evidence. Relating to these assignments, we are agreed, after a careful examination, that the court erred in the amount of the deficiency allowed. There is no question that the note first maturing was outlawed at the time the action was commenced. This was found by the court, and it was provided in the decree that "the plaintiff is not entitled to a deficiency judgment on said note in case said premises do not sell for sufficient to satisfy the amount owing thereon." The decree was for $4,023.27, and the mortgaged property sold for $1,200. It is evident from an examination that the proceeds of the sale were used, first, to satisfy the costs, and, secondly, as a credit upon the notes as they matured. Was this a proper application of the proceeds of the sale? We think not. In payments voluntarily made, the debtor has a right to direct the application of such payments; and, if he neglects to direct the application to be made, the creditor may himself make the application. The proceeds of a sale under a judgment of foreclosure

are paid over to the creditor, not as a voluntary payment, but by operation of law; and, in the absence of direction given in the mortgage, their application is to be made by the court in accordance with equitable principles. *Orleans County Nat. Bank v. Moore,* 112 N. Y., 543. In this state the rule has always prevailed that the proceeds of mortgaged property should be distributed pro rata among the several notes secured by such mortgage, where the same are held by different parties. If the outlawed note was held by some third party, he might insist that a pro rata share of the proceeds of the sale should be applied in payment of that note. This would be right and equitable. The fact that it was outlawed could not change the rule. The security was still in force, and the holder would be entitled to the benefit of such security. We can not see why these equitable principles should not be applied, even though the bank was the owner and holder of all the notes. The mortgage was made to secure them all. No one of these notes was entitled to priority in the order of its payment out of the security. The funds derived from the security should be distributed among the three notes, and in not doing this the court erred.

We therefore recommend that the case be remanded to the district court with direction to prorate the proceeds of the sale among the three notes, and to enter judgment for a deficiency in favor of the plaintiff and against the defendants for the balance remaining upon the two notes not barred at the commencement of this action.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the case is remanded to the district court with direction to prorate the proceeds of the sale among the three notes, and to enter judgment for a deficiency in favor of the plaintiff and against the defendants for the balance remaining upon the two notes not barred at the commencement of this action.

JUDGMENT ACCORDINGLY.