Mary Parratt et al. v. Albert Hartsuff et al.

Filed February 8, 1906.    No. 14,127.

1. **Foreclosure:** Deficiency Judgment. In a proceeding for a deficiency judgment under section 847 of the code as it existed prior to the amendment of 1897, the usual and better practice is not to determine the liability of a defendant for such deficiency until after the report of the sale, when, for the first time, it can be definitely ascertained that a deficiency actually exists. *Brown v. Johnson*, 58 Neb. 222, followed and approved.

2. ———: Decree: Review. While the decree finding personal liabilities first rendered in a foreclosure proceeding is to a certain extent interlocutory, yet, as to findings of fact made in such decree on issues properly pleaded, it is not subject to review on objections to a deficiency judgment.

3. The contract of a married woman can only be enforced against the separate estate which she possesses at the date of the contract. *Kocher v. Cornell*, 59 Neb. 315, followed and approved.

4. **Judgment:** Default. Where there is personal service and default, such default confesses every material allegation of the petition which is well pleaded.

5. **Deficiency Judgment:** Limitations. The cause of action for a deficiency judgment does not accrue until the coming in of the report of the sale.

6. ———: Procedure. Application for a deficiency judgment may be heard on a motion after the coming in of the report of the sale.

Error to the district court for Douglas county: Willis G. Sears, Judge. *Reversed in part.*

*Nelson C. Pratt,* for plaintiffs in error.

*Hall & McCulloch, Montgomery & Hall* and *Warren Switzler, contra.*

Oldham, C.

This is a proceeding in error to review the action of the district court for Douglas county in awarding a personal judgment in a foreclosure proceeding against different defendants in the court below, who now bring error

to this court.   John H. Parratt, Martha Parratt, Mary Parratt and Ella Parratt were makers of the note and mortgage on which the original action was founded, and filed their joint objections to the motion for a deficiency judgment, and prosecute a joint petition in error to this court.   Henry F. Cady was a subsequent purchaser of the mortgaged premises, who by the terms of his deed agreed to assume and pay the mortgage, and he filed his separate objection to the deficiency judgment in the court below, and separately prosecutes error to this court. Sarah M. Hendrix was likewise a subsequent purchaser of the mortgaged premises, who by the terms of her deed agreed to assume and pay the mortgage, interest and taxes, and she filed her separate objection to a deficiency judgment, and separately brings her petition in error to this court.

The mortgage, on which the original foreclosure proceeding was founded, was executed on the 14th day of February, 1891, and the suit for its foreclosure was filed on September 1, 1896.   The petition was in the ordinary statutory form, and alleged the execution of the note and mortgage and default in the payment of the indebtedness, and, among other things applicable to the questions now at issue, it was alleged: "That thereafter, for a valuable consideration, the makers of said note and mortgage conveyed the said mortgaged premises to the defendant Henry F. Cady by their certain warranty deed of date November 25, 1893, subject to the plaintiff's mortgage, which mortgage the said Cady at the same time assumed and agreed to pay; "that thereafter the said Henry F. Cady and wife, for a valuable consideration, conveyed said mortgaged premises to the defendant, Sarah M. Hendrix, by their certain warranty deed, of date January 2, 1894, in which deed it was expressly stipulated and agreed that the said Sarah M. Hendrix should pay the aforesaid mortgage, together with interest and taxes; that thereafter the said Sarah M. Hendrix and husband Jacob R. Hendrix, conveyed the said mortgaged premises," etc.   After asking

for an accounting, and foreclosure and sale of the mortgaged premises, the petition further prayed: "That, in case the proceeds of such sale shall be insufficient to satisfy the amount due the plaintiff, he may have judgment for the deficiency against the defendant, the Byron Reed Company, as indorser of said note, and also against the defendant, Henry F. Cady, and the defendant, Sarah M. Hendrix, upon their respective agreements whereby they assumed and agreed to pay said mortgage, and for such other and further relief as may be proper and just."

The defendants Parratt and Cady were personally served and made default. Defendant Hendrix answered. On the 31st day of March, 1897, a decree of foreclosure was rendered in the district court for Douglas county, in which the amount due on the note and mortgage was ascertained, and the court further found, among other things, that the makers of the note had conveyed the premises to defendant H. F. Cady by warranty deed on November 25, 1893, subject to plaintiff's mortgage, which mortgage the said Cady at·the same time assumed and agreed to pay. A similar finding with reference to the conveyance of the premises by Cady and wife to Sarah M. Hendrix was made in the decree. There was also a finding of the amount due from the defendants Parratt, as makers of the promissory note which the mortgage was given to secure. After finding the facts tending to show the personal liability of these defendants for the indebtedness, the court entered a decree directing the sale of the mortgaged premises, but did not assume to enter a deficiency judgment against any of the defendants in case the proceeds of the sale were not sufficient to pay the indebtedness. After this judgment had been stayed, on a fourth *pluries* order, a sale of the premises was had, which was confirmed by the district court for Douglas county on October 18, 1902. On August 2, 1904, plaintiff filed a motion for a deficiency judgment for the balance due after the coming in of the report of the sale against these various defendants and others, and the defendants, who

are now plaintiffs in error, filed their objections and answers, which will be separately considered in this opinion.

At the outset of this controversy there is a difference of opinion among the learned counsel representing plaintiffs in error and the defendant in error as to the nature and effect of the judgment and decree of the district court first rendered in the foreclosure proceeding. By counsel for the plaintiffs in error it is contended that all the findings of fact in the decree which tend to show a liability of defendants for a deficiency judgment are merely interlocutory and, not having been subject to review when made, are open for traverse on objections to a deficiency judgment after the coming in of the report of the sale. Counsel for defendants in error, while admitting that the decree first entered could not of itself operate as a personal judgment against the defendants, contend that each finding of fact tending to show the personal liability of defendants for the indebtedness is final, and that by such decree defendants are foreclosed from any defense that existed when the decree was entered, and that on objections to a deficiency judgment they can only avail themselves of such defenses as have arisen after the original judgment of foreclosure was entered. We think that the nature of a decree fixing personal liability for a deficiency judgment under section 847 of the code, as it existed prior to the amendment of 1897, is established in this court by the learned and exhaustive opinion of HOLCOMB, J., in the case of *Parmele v. Schroeder*, on rehearing, 61 Neb. 553. In speaking of such decree, the writer of the opinion in this case says:

"It lacks an essential element to make it a judgment or final decree in fact, and other and subsequent action by the court in the exercise of its judicial functions is absolutely necessary before there is a final adjudication concluding the rights of the parties and giving to it the character of a final order, decree or judgment, from which an appeal will lie. The decree does not purport to award

any personal judgment against appellants. They can in no way be injured or damnified until something further is done of a judicial character upon which a process can issue. No sum of money is awarded appellees upon which a general execution will rest, and no execution can issue. Nor can the decree as to appellants be enforced by ministerial acts to carry it into execution in the future. Further exercise of the power of the court acting judicially must be resorted to before the rights of the parties are effectually and finally determined with respect to a judgment *in personam* for any deficiency that may exist after the exhaustion of the security pledged for the payment of the debt."

In this opinion the suggestion of NORVAL, C. J., in *Brown v. Johnson,* 58 Neb. 222, that "the usual and better practice is not to determine the liability of a defendant in a foreclosure for a deficiency judgment until after the report of the sale, when, for the first time, it can be definitely ascertained that a deficiency actually exists," is quoted with approval.

It is contended, however, by counsel for defendant in error that, although the decree first entered be regarded as interlocutory rather than as a final decree and judgment, yet, as to each fact well pleaded in the petition tending to show a personal liability against the defendants, it is not subject to review on objections to a deficiency judgment. Counsel cite in support of this contention the opinions of this court in *Kloke v. Gardels,* 52 Neb. 117; *Stover v. Tompkins,* 34 Neb. 465, and *Patrick v. National Bank of Commerce,* 63 Neb. 200. In *Kloke v. Gardels, supra,* it is said:

"In such foreclosure proceeding the execution of the contract, the identity of the real estate described therein, the breach of the same, and the amount remaining due thereon, are material issues determined by the decree."

In *Stover v. Tompkins, supra,* it is held that, where the grantee of the real estate has assumed in the deed of conveyance a mortgage as part of the consideration in the pur-

chase price of the premises, and a decree is rendered against him that he should be liable in case of deficiency, against a motion for a deficiency judgment, he will not be permitted to set up defenses which should have been pleaded at the first hearing of the cause. Now, as before stated, the court on the original hearing found certain facts to exist in conformity with the allegations of the petition tending to show the liability of the defendants for a deficiency judgment, but the court did not attempt to render such a judgment against any of them. In other words, the court evidently intended to leave the question of the deficiency judgment until after the coming in of the report of the sale, which is the policy favored by this court in *Parmele v. Schroeder, supra,* and *Hanscom v. Meyer,* 61 Neb. 798.

In the separate objection and answer of Sarah M. Hendrix it is alleged that at the time she received the deed to the premises in controversy, which contained the agreement to assume and pay the mortgage and taxes on the premises, she was a married woman and the owner of no property whatever, excepting the mortgaged premises, and that she never actually received the deed or knew of the condition contained therein, and that the entire transaction was conducted by her husband and the property placed in her name without her knowledge or consent, and that it was subsequently conveyed by herself and husband without her knowledge of any conditions that the deed contained. There was no reply filed to this objection and answer, which was duly verified, and at the oral argument counsel for defendant in error admitted that the facts stated in the answer were true, so far as he could ascertain. Now, then, conceding that this plaintiff in error is bound by the finding of the trial court in the original judgment that she did agree to assume and pay the mortgage debt, is such finding of fact as against a married woman sufficient to sustain a judgment at law against her? In the recent case of *Kocher v. Cornell,* 59 Neb. 315, it was held that, under the statute existing when the contract

now in issue was entered into, "the contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract." This opinion has been adhered to in *McKell v. Merchants Nat. Bank*, 62 Neb. 608. It would therefore follow that the objection of Sarah M. Hendrix should have been sustained.

Plaintiff in error Cady, by his separate objection and answer, alleged that the condition in the deed received by him from the original makers of the note, in which he agreed to pay the mortgage debt, was inserted in the deed by oversight and mistake, and that he received no consideration whatever in the purchase of the premises for such agreement. The objection and answer were supported by affidavits, and no reply to these allegations was filed by the plaintiff in the court below, nor was there any traverse made to the affidavits supporting the allegations of the answer. It will be remembered that Cady, although he was served, made default in the original suit for foreclosure, and, as claimed by counsel for defendant in error, by this default he admitted every material issue well pleaded in the petition. Now, the issue pleaded with reference to Cady was that he had assumed and agreed to pay the mortgage, but there was no allegation in the petition that the mortgage was assumed as part consideration of the purchase price, or that any consideration moved to Cady for the assumption of the mortgage. The finding of the court in the foreclosure decree was that Cady had assumed and agreed to pay the mortgage, but the court did not pretend to find that such assumption was for any consideration whatever. Consequently, Cady is only bound by the finding that by the deed he assumed and agreed to pay the debt, but we think he is not foreclosed by this finding from showing, as against his liability for a deficiency judgment, that this assumption was a mere *nudum pactum*.

The Parratts by their joint objection and answer pleaded the statute of limitations, which plea is not well taken, for the cause of action for a deficiency judgment did

not accrue until the coming in of the report of the sale. They also objected to the jurisdiction of the court to hear the proceeding on a motion, but this question is also determined against them in the recent case. of *Patrick v. National Bank of Commerce, supra.* They also objected because the prayer of the original petition did not ask for a deficiency judgment against them. The allegations of the petition, however, were that they were the makers of the note, and this allegation was sufficient to sustain the finding in the decree that they were liable as makers of the note which the mortgage was given to secure. As against these plaintiffs in error, therefore, the judgment of the district court is fully supported.

We therefore recommend that the judgment of the district court against Sarah M. Hendrix be reversed and the cause dismissed as to this defendant; and that the judgment against defendant Henry F. Cady be reversed and the caused remanded for further proceedings on issues properly joined as to whether or not the assumption of the mortgage debt in the deed was made for valuable consideration; and that as against defendants Parratt the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court against defendant Sarah M. Hendrix be reversed and the cause dismissed as to this defendant; and that the judgment against defendant Henry F. Cady be reversed and the cause remanded for further proceedings on issues properly joined as to whether or not the assumption of the mortgage debt in the deed was made for valuable consideration; and that the judgment of the district court against the defendants Parratt be affirmed.

JUDGMENT ACCORDINGLY.