ALBERT HARTSUFF, APPELLEE, v. JOHN H. PARRATT, IM-PLEADED WITH HENRY F. CADY, APPELLANT.

FILED MARCH 5, 1908. No. 15,096.

Mortgages: ASSUMPTION BY GRANTEE: FORECLOSURE: DEFICIENCY JUDGMENT. Several persons, joint owners of two lots in the city of Omaha incumbered by a mortgage, feared a loss of the property because of inability to pay interest due thereon. The property was worth $12,000, and they sold the same to the defendant for $10,000; the deed reciting that the conveyance was made subject to the mortgage, which the grantee assumed and agreed to pay. The negotiations for the sale were conducted by S. as agent for the defendant, and defendant took no part therein, and claims to have had no knowledge of the assumption clause in his deed until long after the same had been delivered to his agent and recorded, and until after he had sold the property. Shortly after the making of the deed defendant's agent called on the agent of the mortgagee and requested him to accept defendant's note for past due interest on the mortgage, saying that defendant had purchased the property and was to take care of the mortgage.

This proposition was rejected by mortgagee's agent, and shortly thereafter defendant himself called on the agent, and paid the interest. Within about six weeks after the ·purchase of the property defendant sold it to Mrs. H., and in his deed of conveyance a clause was inserted by the terms of which Mrs. H. assumed and agreed to pay the mortgage. Some time thereafter the mortgage was foreclosed, and on motion for a deficiency judgment against the defendant he resisted upon the ground that the assumption clause in his deed was inserted by mistake, that his agent in the purchase had no authority to so contract, and that no consideration existed for his agreement to assume and pay the mortgage. S., the agent, corroborated him in this claim. *Held*, That the action of the district court in entering judgment against the defendant for the deficiency was in accord with the circumstances shown and the evidence given on the hearing.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Montgomery & Hall,* for appellant.

*Hall & Stout* and *A. C. Wakeley, contra.*

DUFFIE, C.

The Parratt brothers and sisters, of whom there were seven, were the joint owners of lots 1 and 2, in block 8, in McCormick's addition to the city of Omaha. The lots were incumbered by a mortgage for $6,000 held by the plaintiff, Albert Hartsuff. The Byron Reed Company, acting as agent for Hartsuff, was pressing for payment of interest due upon the mortgage, which the Parratts were unable to pay. In this condition of affairs, they sold the lots to Henry F. Cady, the appellant, and the deed recited that the conveyance was made subject to a mortgage for $6,000 and to all accrued interest thereon, which, with all taxes and assessments, the said Cady hereby assumes and agrees to pay. This deed bears date November 25, 1893. Cady conveyed the lots to Sarah M. Hendricks by deed bearing date January 2, 1894, and this deed recites that it is made subject to a $6,000 mortgage, which the grantee assumes and agrees to pay as part of the consideration. In

September, 1896, an action was commenced to foreclose this mortgage; Cady and Mrs. Hendricks both being made parties defendant. The petition alleged their agreement to assume and pay the mortgaged debt, and the petition asked, in addition to other relief, that if the mortgaged property did not sell for sufficient to pay the amount due upon the mortgage plaintiff might have judgment against Cady and Mrs. Hendricks for the deficiency. Cady, though personally served with summons, made default in the foreclosure proceedings, and in March, 1907, a decree of foreclosure was entered, in which the amount due on the note and mortgage was ascertained, and the court found, among other things, that the Parratts, the makers of the note and mortgage, had conveyed the premises to the defendant Cady subject to plaintiff's mortgage, which mortgage the said Cady at the same time assumed and agreed to pay. The premises were sold, and confirmation of the sale had in October, 1902, and in August, 1904, plaintiff filed a motion for a deficiency judgment against the various defendants, and a deficiency judgment was entered against Cady and Mrs. Hendricks, from which they took error to this court. The opinion on that appeal is found in 75 Neb. 706, and it was there held that Cady was not precluded by the terms of the decree from showing, if he could, that his agreement to assume and pay this mortgage was without consideration, and the case was reversed and remanded for further proceedings on issues properly joined as to whether the assumption of the mortgage in the deed to Cady was based upon any consideration. On this opinion being handed down the plaintiff filed an amended motion for a deficiency judgment against Cady, in which it is alleged that his agreement to pay the mortgage was a part of the purchase price of the lots conveyed to him. In an answer filed by Cady he alleges that he never agreed to assume and pay the mortgage, and that the clause in the deed to that effect was inserted by mistake and oversight, was without authority, and without any knowledge or consent

on his part. He further says that there was no considera-
tion for such promise and agreement. On the trial judg-
ment was entered for the deficiency in favor of the plain-
tiff and against the defendant Cady, and the case has
been brought here on appeal.

There is evidence tending to show that the lots were
fairly worth $12,000 at the time they were conveyed to
Cady. The evidence further tends to show that the con-
sideration agreed upon between the parties was $10,000,
although the consideration named in Cady's deed is
$11,000. William Parratt, who conducted the negotia-
tions with Sholes, the agent, who acted for Cady in the
transaction, testifies that they were liable to lose the lots;
that the sale was made to relieve them of liability upon
the mortgage. The sisters of William Parratt, who testi-
fied upon the trial, while having no knowledge of the
actual terms of the agreement, testified that they would
not have signed the deed to Cady in the absence of a
clause therein by which he assumed and agreed to pay the
mortgaged debt; and that by this conveyance they ex-
pected to be relieved of all responsibility in the matter.
While this testimony does not go to the terms of the
agreement actually made, it does show the reason for
making the sale, and raises a strong presumption that
the agreement finally made between William Parratt and
Cady's agent was of such a nature as to effectuate the
object which the grantors had in view in conveying the
property. The Byron Reed Company was handling this
mortgage as agent for the plaintiff. When Cady took his
conveyance there was interest due and unpaid upon the
mortgage. A. L. Reed, president of that company, testi-
fies that in the month of November, 1903, Mr. Sholes came
to see him on behalf of Mr. Cady with reference to this
mortgage; that at the time he said: "I sold the Parratt
property at the southwest corner of Twenty-Seventh and
Farnam streets to H. F. Cady. Mr. Cady is to take care
of the mortgage and interest on the property, being the
debt that you represent. Would you be willing to accept

from Mr. Cady a ninety-day personal note in payment of the interest now due and delinquent?" I replied in substance that I was sorry, but that I could not do that. He said: "Mr. Cady is a responsible man, he will pay the amount, and he only asks the accommodation a short time." I replied: "I am not able to grant that." That is the substance of the conversation. He further stated that a short time thereafter Cady himself paid the interest. Within about six weeks after taking the conveyance Cady sold the property to Mrs. Hendricks, and in that deed attempted to relieve himself of responsibility for this mortgage by requiring Mrs. Hendricks to assume and to pay the same. All the circumstances tend strongly to show that the agreement was that, in consideration of the conveyance by Parratt to Cady, and as part of the consideration therefor, Cady assumed this mortgage and agreed to pay the same. It is hardly conceivable that such a clause would be inserted in a deed of conveyance unless inserted to carry out an agreement previously made.

We are satisfied that the district court was right in entering a judgment for the deficiency against Cady, and recommend its affirmance.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.