EDWARD J. SMITH, TRUSTEE, APPELLEE, v. JONAH B. ALLEN ET AL., IMPLEADED WITH JAMES A. OLLIS, JR., APPELLANT.

FILED JUNE 9, 1904. No. 13,527.

1. **Mortgage Foreclosure: DEFAULT: RES JUDICATA.** Where a cross-petition for the foreclosure of a mortgage alleges that one of the defendants assumed and agreed to pay the mortgage debt, and no answer is filed by the defendant, who appeared in the action, a finding by the court that the allegations of the cross-petition are true concludes the defendant upon that point, and he will not be allowed to relitigate the question of his assumption of the debt, upon a motion being made for a deficiency judgment.

2. **Deficiency Judgment: APPEARANCE: JURISDICTION.** A general prayer for equitable relief in a petition for the foreclosure of a mortgage, followed by a motion for a deficiency judgment, notice thereof to the defendant and his appearance to contest the same confer jurisdiction upon the court to render a deficiency judgment.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE.  *Affirmed.*

*J. W. Eller* and *E. J. Clements,* for appellant.

*J. H. Van Dusen, contra.*

LETTON, C.

This is an appeal from a judgment of the district court for Douglas county upon a deficiency arising upon the foreclosure of a mortgage.  The main action, under the title of *Smith v. Allen,* was appealed to this court and the judgment therein affirmed (63 Neb. 74).  The controversy in the case at bar is between the cross-petitioner, Van Sant, and the defendant, James A. Ollis, Jr.  In the foreclosure case the cross-petition of Van Sant contained the following allegation: "That on the 6th day of January, 1894, said defendants Dora Pertz and August Pertz, her husband, sold and conveyed said mortgaged premises to the defendant, James A. Ollis, Jr., and that said James A. Ollis, Jr., assumed and agreed to pay said note and mortgage to this cross-petitioner as part of the purchase price of said premises, and that said defendant James A. Ollis, Jr., further, upon the back of said notes, as shown in the exhibits hereto attached, guaranteed the payment of the same."  Defendant Ollis failed to plead to this cross-petition.  A trial was had, which resulted in a finding and decree for the plaintiff and for the cross-petitioner, according to the prayers of their respective petitions.

Upon appeal to this court, the decree in favor of the cross-petitioner Van Sant was affirmed, but the decree in favor of the plaintiff was reversed and the cause remanded for further proceedings.  Upon a second hearing in the district court, the plaintiff, Smith, recovered another decree, under which the premises were sold, and the proceeds being insufficient to satisfy the first mortgage, the cross-petitioner, Van Sant, filed his motion in the

district court for Douglas county, praying for a deficiency
judgment against the defendant Ollis. The defendant
Ollis answered the motion, denying that he assumed and
agreed to pay the mortgage debt, and alleging that the
court had no jurisdiction to render a deficiency judgment.
Upon a hearing, the motion was sustained and
judgment rendered against Ollis for the amount of the
deficiency, from which judgment this appeal is taken.

The defendant's first contention is that there is no evi-
dence to support the judgment. If the facts which deter-
mined the liability of the defendant to a judgment for a
deficiency were ascertained and adjudicated upon the
original decree in the foreclosure case, it is now too late
for him to seek a re-examination of this question. This
court has been very liberal in its holdings in regard to
the right of parties to litigate the question of liability
for a deficiency at any stage of the proceedings. But it has
uniformly held that, where this issue has been determined
in the original decree the parties will not·be allowed to
open up the same and relitigate the question upon a motion
for a deficiency judgment. In the former opinion in this
case the court held that Ollis had appeared in the case
and said, "As regards the cross-petitioner, Van Sant, the
defendants, having failed to plead to his cross-petition,
will not now be heard to say that any of the allegations
therein contained are not established by the evidence."

The cross-petition alleged that the defendant Ollis as-
sumed and agreed to pay the mortgage debt as part of the
purchase price of the premises. Part of the decree relat-
ing to the cross-petition is as follows: "The court further
finds that there is due to the cross-petitioner William B.
Van Sant upon the note set forth in the cross-petition,
which said mortgage was given to secure the sum of
$652.80 with interest thereon at the rate of 8 per cent. per
annum from May 2d, 1898, which amount is a second lien
on said real estate, and that said cross-petitioner is en-
titled to a foreclosure of said mortgage as prayed in his
said cross-petition, and that the allegations in said cross-

Smith v. Allen.

petition are true." While this finding is general in its terms, it certainly is a finding upon the statement of the petition that the defendant assumed and agreed to pay the note and mortgage, so that the question upon which his liability to the deficiency judgment depends has been conclusively settled against him by the former decree and cannot be relitigated upon a motion for deficiency judgment. *Kloke v. Gardels,* 52 Neb. 117.

As to the contention that the district court had no jurisdiction to render a deficiency judgment, it seems that this is based upon the proposition that the prayer of the cross-petition is not sufficient to justify the rendition of such a judgment against the defendant. The prayer was a general prayer for equitable relief. In *Grand Island Savings & Loan Ass'n v. Moore,* 40 Neb. 686, in which there was only a prayer for general equitable relief, as in this case, it was held that this was sufficient to justify the rendition of the deficiency judgment. See, also, *Kellcy v. Wehn,* 63 Neb. 410. The decree upon the cross-petition conclusively determined the facts as to the defendant's liability which were alleged by the petition, and the defendant is concluded thereby as to these facts. After these facts had been determined, the cross-petitioner filed his motion, to which the defendant appeared and answered. The court then had jurisdiction to hear and determine the matter of the motion, and since the former decree had found the facts upon which the defendant was liable, and no valid defense was made, it rightly rendered judgment against the defendant for the deficiency.

For these reasons, we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.