UNION CENTRAL LIFE INSURANCE COMPANY V. ENO SAATHOFF, APPELLANT: JULIUS H. PIEPER ET AL., APPELLEES.

FILED MARCH 25, 1927.   No. 24766.

1. **Appeal:** TIME. The three months provided in section 9138, Comp. St. 1922, within which to perfect an appeal from a judgment or decree rendered in the district court, does not commence to run until the judgment or decree is entered on the journal of such court.

2. **Mortgages:** FORECLOSURE: DECREE. In a suit to foreclose a mortgage on real estate, the execution of the contract, the breach thereof, the identity of the real estate described therein, and the amount remaining due thereon are material and necessary issues to be determined by the decree.

3. ———: ———: REVIEW. In such a suit, the findings of fact contained in the decree on issues properly pleaded are not subject to review on objections to a deficiency judgment.

4. ———: ———: APPLICATION FOR DEFICIENCY JUDGMENT: ISSUES. A decree of foreclosure of a real estate mortgage showing personal liability of defendant for any deficiency that may remain after sale of the mortgaged premises precludes such defendant on an application for a deficiency judgment from presenting any defense which he could or should have interposed prior to the announcement of the decree.

5. Appeal: "ENTRY OF RECORD." The words "entered of record" and "spread upon the journal," as appearing in the decisions of this court construing section 9138, Comp. St. 1922, mean one and the same thing, to wit, "entered on the journal."

APPEAL from the district court for Boone county: FRED-ERICK W. BUTTON, JUDGE. *Affirmed in part, and reversed in part.*

*G. F. Rose* and *Wright & Thummell,* for appellant.

*Vail & Flory, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an appeal taken by defendant Eno Saathoff from the refusal of the district court for Boone county to allow a deficiency judgment. The record reflects the following: Both the plaintiff and defendant, cross-petitioner Eno Saathoff, were seeking to foreclose their respective mortgages on the lands in question, and praying for a deficiency judgment; Eno Saathoff against the defendants Pieper, appellees herein. After due service of summons on all parties, the Piepers failed to plead and default was entered against them. The issues being duly joined, trial was had, and the court found generally in favor of the above mortgagees; that the Piepers had each signed the respective notes set forth in the cross-petition of Saathoff, and the mortgage securing the same, and after due execution thereof, for a valuable consideration, had delivered the same to such Saat-

hoff; found the amount past due and unpaid on such notes and mortgage from the Piepers to Saathoff; and, further, that plaintiff was entitled to a decree of foreclosure and sale of the property, as also was defendant Saathoff. After the lands were sold and proceeds applied, the decree in favor of Saathoff was left entirely unsatisfied. Saathoff then, in harmony with the prayer of his cross-petition and such decree, filed a motion, and again asked that deficiency judgment be entered in his favor and against Julius H. Pieper and Katie H. Pieper, his wife, for the amount found due and owing him from them, to wit, $11,003.45, with interest thereon from the date of decree to date of entering of deficiency judgment. To this application the Piepers jointly interposed the following objection: "Comes now the defendants, Julius H. Pieper and Katie H. Pieper and object to the allowance of a deficiency judgment against them or either of them in the above entitled cause, for the reason that the above-mentioned defendants are not personally liable upon the instruments of indebtedness set forth in the pleadings herein." Trial was had, and findings and judgment announced by the court in favor of the Piepers, denying deficiency judgment and taxing costs to Saathoff. A proposed journal entry was prepared at the time, to wit, March 24, 1924, by the attorney for the Piepers, and signed by the then presiding judge covering the announced judgment denying a deficiency, and filed by the clerk, but was not entered on the judgment record, commonly known as the "journal," until February 14, 1925. This appeal was filed and docketed on May 13, 1925, and within less than 90 days from the entering of such announced judgment on the journal. The record brought to this court further shows that, within three days from the announcement of the judgment denying deficiency, Saathoff filed a motion for a new trial, in substance as follows: That the judgment is not supported by the evidence, and is against the weight thereof, and is contrary to law. This motion was overruled on the 20th day of October, 1924, or was so announced by the court. Owing to the indefiniteness of the proceedings as

presented, we cannot determine when this announced judgment was spread on the journal by the clerk, but it is not material, as will be made plain in the further consideration hereof.

Appellees Pieper challenge our right to consider this appeal on its merits, for the reason that the same was not lodged in this court within 90 days from the announcement of the court denying Saathoff a deficiency judgment, and the filing of such announcement with the clerk. As to this contention, it is sufficient to say that such appeal was perfected within 90 days from the entry of the judgment on the journal by the clerk, which we have uniformly held sufficient as to time.

In the case of *In re Estate of Getchell*, 98 Neb. 788, in the opinion as well as in the syllabus, we held: "The time for taking an appeal from the district court to the supreme court begins to run when the final judgment is entered of record."

In *Dahlsten v. Libby*, 104 Neb. 84, in interpreting the above quoted syllabus, in the course of the opinion, we said: "The record, so far as it relates to this assignment, may be summarized as follows: The sale was confirmed June 3, 1918; the order of confirmation was filed with the clerk of the district court, June 12, 1918, but the clerk did not spread it on the journal until December 31, 1918. The appeal was docketed in this court January 29, 1919, less than 90 days from the time the order was spread upon the journal."

This interpretation was in harmony with our holding in *Ward v. Urmson*, 40 Neb. 695, as follows: "This court will not review on appeal or error a decree rendered by the district court, prior to the formal entry of such decree upon the journal of the trial court."

The last above holding was again affirmed by us in *Hornick v. Maguire*, 47 Neb. 826, wherein we held, in paragraph 1 of the syllabus: "This court will not review a judgment rendered by the district court prior to the formal entry of such judgment upon the journal of the trial court." In

paragraph 2 of the syllabus in the *Hornick* case, we held: "A memorandum of a judgment made by a judge of the district court upon his trial docket will not authorize a review thereof in this court before the extension of such judgment upon the journal of the district court, in apt language and in due form."

In so holding we are clearly within the spirit, as well as the letter, of section 8952, Comp. St. 1922, which provides: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action"—construed in connection with section 9138, Comp. St. 1922, which provides in substance that an appeal from the district court to this court shall be filed herein "within three months from the rendition of such judgment or decree or the making of such final order or within three months from the overruling of a motion for a new trial in said cause."

While it is the duty of the clerk to enter the judgment on the journal, if he fails in this regard, either party desiring compliance therewith may demand performance. Hence, we need not look further than to the decisions of our own court in determining what is meant by the words "entered of record," or "spread upon the journal," as we have interpreted the two expressions to mean one and the same thing, to wit, "entered on the journal." To such holding we should continue to be bound until the legislature has otherwise provided.

Thus, it will be seen that the filing of a motion for a new trial in no manner militated against the right of Saathoff to appeal, as the appeal is from the judgment as entered on the journal, and not from the overruling of the motion. The running of the 90 days is from the entering of the judgment on the journal, whether the suit be one in equity or an action at law.

This brings us to the question of whether or not the appellant Saathoff is entitled, under this record, to a deficiency judgment against the Piepers, or either thereof.

As to the right of the appellee Julius H. Pieper to inter-

pose the objection lodged in this case, under the record as herein disclosed, we held in *Carstens v. Eller*, 5 Neb. (Unof.) 149: "Only such defenses as accrue after judgment on the notes in such foreclosure proceeding can be interposed against a deficiency judgment entered after the coming in of the report of the sale of the mortgaged premises."

In *Kloke v. Gardels*, 52 Neb. 117, we held: "In such fore-closure proceeding the execution of the contract, the identity of the real estate described therein, the breach of the same, and the amount remaining due thereon, are material issues determined by the decree."

In *Smith v. Allen*, 72 Neb. 170, we held: "Where a cross-petition for the foreclosure of a mortgage alleges that one of the defendants assumed and agreed to pay the mortgage debt, and no answer is filed by the defendant, who appeared in the action, a finding by the court that the allegations of the cross-petition are true concludes the defendant upon that point, and he will not be allowed to relitigate the question of his assumption of the debt, upon a motion being made for a deficiency judgment."

In *Parratt v. Hartsuff*, 75 Neb. 706, we held: "While the decree finding personal liabilities first rendered in a fore-closure proceeding is to a certain extent interlocutory, yet, as to findings of fact made in such decree on issues properly pleaded, it is not subject to review on objections to a deficiency judgment."

In *Anderson v. Walsh*, 109 Neb. 759, we held: "Findings of fact in a decree of foreclosure, showing defendants personally liable for any deficiency that may remain after sale of mortgaged premises, relate only to facts then existing, and do not operate to preclude defendants from setting up, as a defense to an application for deficiency judgment, facts arising after entry of decree."

The only defense sought to be interposed by appellee Julius H. Pieper was one connected with the execution and delivery of the notes and mortgage in question. Hence, under the foregoing holdings, such a defense is not, and was not, available. However, waiving such legal objections, and

considering the case solely on the evidence, the trial court was not warranted in denying the appellant Saathoff a deficiency judgment against Julius H. Pieper for the full amount asked.

As to the appellee Katie H. Pieper, from a careful examination of the evidence we are convinced that the same is insufficient to warrant a judgment against her, as the part taken by her in the transaction leading up to, as well as in, the execution and delivery of the notes and mortgage was simply with the intent and purpose on her part, (and was so understood by all others), of relinquishing her interest in the mortgaged premises, the title to which was held and owned by her husband, and the transaction was in no manner connected with her separate property, trade, or calling. *Grand Island Banking Co. v. Wright,* 53 Neb. 574.

The judgment of the trial court as to Julius H. Pieper is reversed and the cause remanded, with directions to enter deficiency judgment against him for the amount prayed, in harmony with this opinion. As to Katie H. Pieper, the judgment is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

