L. A. STUART, APPELLEE, V. DAVID W. BLISS ET AL., APPELLANTS: FRED BRAUN, APPELLEE.

FILED DECEMBER 24. 1927. No. 25303.

*George M. Harrington* and *Fay H. Pollock,* for appellants.

*Lewis C. Chapman* and *Donald Gallagher, contra.*

*H. M. Uttley, amicus curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an appeal by David W. Bliss and Gustave A. Schlueter from a final order of the trial court refusing them a judgment against Fred Braun for a deficiency remaining due them on the findings and decree of foreclos-

ure of a real estate mortgage after the distribution of the proceeds of the sale.

The record brought before us begins with the answer and cross-petition of Bliss and Schlueter filed in the main suit on July 16, 1923, in which they set up a second mortgage in suit against defendants other than Braun, plead a written contract for a valuable consideration between those other defendants and Braun in which Braun assumed and agreed to pay this mortgage, allege his personal liability, and pray that Braun be adjudged to pay any deficiency after application of the proceeds of the sale.

The decree was entered September 8, 1923. It indicates jurisdiction of the parties and of the subject-matter, shows that Braun and other defendants did not plead but were defaulted, finds, among other things, that the facts set forth in the cross-petition as against the defaulting defendants are true, finds that the entire amount of the debt is due Bliss and Schlueter, finds that Braun in writing assumed the payment of the debt and mortgage in question, and orders the property sold and the proceeds applied in satisfaction of the sums found due. At the judicial sale July 21, 1924, plaintiff bid in the real estate at approximately the first lien, interest and costs. On the same day Braun filed a motion setting up that he never assumed and agreed to pay the second mortgage, had no notice that the cross-petitioners would demand a finding that he was personally liable, and asked that he be given notice of and be allowed to defend against any claim for a deficiency judgment. On March 13, 1925, Bliss and Schlueter filed their motion for a deficiency judgment against Braun, on June 23, 1925, he filed his objections to the motion, on November 27, 1925, the court, over the objections of Bliss and Schlueter that the record and decree concluded Braun on that point, took evidence on behalf of Braun, and on the same day entered findings and judgment denying the deficiency judgment and dismissing the application therefor. Bliss and Schlueter filed a motion for a new trial, which was overruled, and they appealed. By their motion for

new trial and by their assignment of errors they properly preserved their objections and exceptions.

The inquiry is, was Braun concluded by the decree?

After the instant case was appealed, we had before us the recent case of *Union Central Life Ins. Co. v. Saathoff*, 115 Neb. 385. In that case, as in this, there was no specific finding or order in the decree to the effect that on the distribution of the proceeds of the sale there would be a liability of the particular defendants for a deficiency remaining unpaid on the amount found due in the decree. So that the case is a precedent for this. We there held as follows:

"In a suit to foreclose a mortgage on real estate, the execution of the contract, the breach thereof, the identity of the real estate described therein, and the amount remaining due thereon are material and necessary issues to be determined by the decree."

"In such a suit, the findings of fact contained in the decree on issues properly pleaded are not subject to review on objections to a deficiency judgment."

"A decree of foreclosure of a real estate mortgage showing personal liability of defendant for any deficiency that may remain after sale of the mortgaged premises precludes such defendant on an application for a deficiency judgment from presenting any defense which he could or should have interposed prior to the announcement of the decree."

We cited in support of the above propositions: *Kloke v. Gardels*, 52 Neb. 117; *Smith v. Allen*, 72 Neb. 170; *Parratt v. Hartsuff*, 75 Neb. 706. Other cases bearing on the same propositions are: *Cooper v. Foss*, 15 Neb. 515; *Rockwell v. Blair Savings Bank*, 31 Neb. 128; *Reynolds v. Dietz*, 39 Neb. 180.

Braun had notice from the allegations and prayer of the cross-petition that Bliss and Schlueter were not only asking the court to fasten personal liability on him but anticipating an insufficient sale value of the mortgaged property were seeking a deficiency judgment against him in that particular action, as authorized by section 9209, Comp. St.

1922. If he had a defense, then was the time and there the place to make it. If he did not choose to defend, he must accept the penalty of a foreclosure of his right to defend. The reason for the rule is to make an end to litigation. The trial court having once passed on the issues of fact as presented under the pleadings may not require a party to the suit over his objections to relitigate those issues.

The judgment of the trial court is reversed and the cause remanded, with directions to enter deficiency judgment against the defendant Fred Braun and in favor of the defendants David W. Bliss and Gustave A. Schlueter for the amount of his liability shown by the decree, with interest and costs.

REVERSED.