MERTIE M. ARNOLD, APPELLEE, V. MARY IRENE HAWLEY ET AL., APPELLANTS.

FILED APRIL 19, 1935. No. 29244.

*E. H. Evans* and *Urban Simon,* for appellants.

*Hoagland, Carr & Hoagland, contra.*

Heard before Goss, C. J., Rose, Good, Day and Carter, JJ., and Lovel S. Hastings and Lightner, District Judges.

Good, J.

In a mortgage foreclosure action, after decree, expiration of stay, sale of the mortgaged premises and confirmation thereof, a deficiency judgment was entered against the defendants. From the entry of the latter judgment, defendants have appealed.

Defendants contend that the trial court was without jurisdiction to enter a deficiency judgment in the foreclosure action, and base this contention upon section 20-2141, Comp. St. Supp. 1933, which reads: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof."

If the statute quoted is valid and is applicable to the instant case, it is clear that the court was without jurisdiction. However, the record discloses that the action

for foreclosure of the mortgage in the instant case was begun in January, 1932, and a decree entered on March 16, 1933. We will assume, for the purposes of this action, without so deciding, that the statute in question is valid, but will determine its applicability to the present proceeding.

Section 49-301, Comp. St. 1929, reads: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions found thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." It may be observed that in the enactment of the bill, of which section 20-2141, Comp. St. Supp. 1933, is a part, there is no saving clause or provision relating to actions then pending, and also that said act became effective April 26, 1933, subsequent to the commencement of the action and entry of the decree of foreclosure.

In *Thompson v. West,* 59 Neb. 677, it was held:

"In the absence of a general saving clause, the repeal of a statute will not affect a suit previously brought to enforce a right founded thereon or accrued thereunder.

"The repeal of the statute permitting the recovery of deficiency judgments did not affect actions then pending."

In *Hanscom v. Meyer,* 61 Neb. 798, it was held: "The repeal of sections 847 and 849 of the Code of Civil Procedure (Session Laws 1897, ch. 95), permitting the recovery of deficiency judgments, did not affect actions then pending."

Also, in *Ritchey v. Seeley,* 68 Neb. 120, we find this language (p. 122) : "It is first insisted that the district court for Hayes county had no jurisdiction to enter a deficiency judgment against the defendants, and the act of the legislature of 1897, repealing the statute then in force allowing a deficiency judgment to be entered on the foreclosure of a mortgage, is referred to in support of plaintiff's contention. We have held in several cases that the repeal of the statute permitting the recovery of deficiency judgments did not affect actions then pending."

The above decisions were rendered with reference to an act of the legislature, passed in 1897, purporting to repeal the statute authorizing entry of deficiency judgments in foreclosure actions. However, that act was later held unconstitutional because not passed in the manner required. *Moore v. Neece*, 80 Neb. 600. Clearly, under the facts existing in the instant case, section 20-2141, Comp. St. Supp. 1933, is not applicable, and the court had jurisdiction to enter a deficiency judgment.

Defendants also contend that the court erred in entering a deficiency judgment against both defendants. The mortgage in question secured a note signed by Mary Irene Hawley and her husband. The mortgaged premises stood in the name of Mary Irene. In the petition plaintiff asked for a deficiency judgment against each of the defendants in the event the mortgaged premises did not sell for an amount sufficient to satisfy the mortgage lien. To this petition the defendants demurred, their demurrer was overruled, and they did not answer over. The decree entered found against both defendants. The finding is in this language: "That there is now due the plaintiff thereon from the makers of said note and each of them * * * the sum of $7,430.50." After the findings the decree proceeds: "Wherefore it is ordered, considered, adjudged and decreed by this court that there is due the plaintiff as above set forth from the said defendants and each of them the sum of $7,430.50."

In *Union Central Life Ins. Co. v. Saathoff*, 115 Neb. 385, it was held: "A decree of foreclosure of a real estate mortgage showing personal liability of defendant for any deficiency that may remain after sale of the mortgaged premises precludes such defendant on an application for a deficiency judgment from presenting any defense which he could or should have interposed prior to the announcement of the decree."

In *Parratt v. Hartsuff*, 75 Neb. 706, it was held: "While the decree finding personal liabilities first rendered in a foreclosure proceeding is to a certain extent interlocutory,

yet, as to findings of fact made in such decree on issues properly pleaded, it is not subject to review on objections to a deficiency judgment."

In *Stuart v. Bliss,* 116 Neb. 305, in an opinion by Chief Justice Goss, this language appears (p. 307): "Braun had notice from the allegations and prayer of the cross-petition that Bliss and Schlueter were not only asking the court to fasten personal liability on him but anticipating an insufficient sale value of the mortgaged property were seeking a deficiency judgment against him in that particular action, as authorized by section 9209, Comp. St. 1922. If he had a defense, then was the time and there the place to make it. If he did not choose to defend, he must accept the penalty of a foreclosure of his right to defend. The reason for the rule is to make an end to litigation. The trial court having once passed on the issues of fact as presented under the pleadings may not require a party to the suit over his objections to relitigate those issues."

No answer was tendered by either of the defendants in the instant case; consequently, no defense was set up as to the liability of the mortgagors and signers of the note secured by the mortgage. Defendants are now in no position at this late date to attempt any defense to their liability for deficiency judgment. When such judgment was sought in the petition against each of them, then was the time and there was their opportunity to tender any defense, if such they had.

Defendants contend that the court erred in entering a deficiency judgment without notice and without affording them an opportunity to be heard. The rule is that, where a deficiency judgment is asked in the original petition for foreclosure, in the event the sale of the mortgaged premises does not realize an amount sufficient to satisfy the mortgage lien, no notice other than the summons in the original action is necessary.

In *Graves v. Macfarland,* 58 Neb. 802, it was held: "The jurisdiction of the district court to render a de-

ficiency judgment under the provisions of section 847 of the Code of Civil Procedure did not depend upon the service of any notice other than the original summons." Judge Sullivan, in the opinion, said (p. 803):

"The court rendered a decree of foreclosure, and made a finding to the effect that the appellant had assumed the payment of Macfarland's mortgage. Afterwards, without notice, a deficiency judgment for $1,102.23 was rendered against Graves alone. * * *

"Counsel for appellants insist that the court was not authorized to render a deficiency judgment without special notice of the application therefor * * * but the statute which gave the right to a deficiency judgment in an action to foreclose a mortgage did not require it. Section 847 of the Code of Civil Procedure * * * clearly contemplated no other notice than that imparted by the original summons."

A like holding was announced in *Crary v. Buck*, 1 Neb. (Unof.) 596. See, also, *Patrick v. National Bank of Commerce*, 63 Neb. 200.

Under the above decisions, notice of the motion by the plaintiff for deficiency judgment after confirmation of the sale was not required.

The record discloses no error prejudicial to defendant. Judgment

AFFIRMED.