L. F. PARKER ET AL., APPELLEES, V. WILLIAM BOURKE ET AL.: CONSERVATIVE MORTGAGE COMPANY ET AL., APPELLANTS.

FILED OCTOBER 9, 1936. No. 29718.

*D. O. Dwyer* and *W. L. Dwyer*, for appellants.

*A. L. Tidd, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

CARTER, J.

This is a foreclosure action in which appellees filed an application, after sale, for a deficiency judgment. Appellants Conservative Mortgage Company and John H. Fowler filed objections to the entry of such a judgment against them. The trial court sustained appellees' motion to strike the objections and entered a deficiency judgment. From this order the Conservative Mortgage Company and John H. Fowler appeal.

The record discloses that on March 7, 1925, William Bourke executed and delivered a series of first mortgage bonds aggregating the sum of $13,500 to the Conservative Mortgage Company, trustee, and to secure the payment of

the same gave a mortgage on the lands foreclosed in the suit at bar. The mortgagor also executed a second mortgage to the Conservative Mortgage Company in the amount of $675. On or about March 14, 1925, the Conservative Mortgage Company, trustee, sold and assigned the bonds in the amount of $13,500, which the first mortgage was given to secure, to the plaintiffs in this action. On October 5, 1926, the Conservative Mortgage Company commenced foreclosure of its second mortgage for $675, subject to the first mortgage. The defendant John H. Fowler purchased the real estate at the foreclosure sale and on April 17, 1928, sold it to the Robertson Furniture Company for $6,500 subject to the first mortgage held by appellees.

The petition of appellees for the foreclosure of the mortgage held by them alleged that the Conservative Mortgage Company, being the trustee in said mortgage, was duty bound to protect the interests of the bondholders and not to make a profit by reason of the trusteeship; that appellees are now entitled to an accounting from the Conservative Mortgage Company, John H. Fowler and the Robertson Furniture Company of all profits received by them to meet any deficiency which said lands will not pay when they are sold and the proceeds applied to the payment of costs and the amount due to appellees.

The record shows that summons was served upon the Conservative Mortgage Company and John H. Fowler and that they failed to appear and default was entered against them. On April 29, 1933, the trial court entered a decree of foreclosure in which it was stated, after a recitation of the above facts, as follows: "The court further finds that the Conservative Mortgage Company as trustee and John H. Fowler its president, both stand in the relation of a trustee for the benefit of the plaintiffs in the above entitled action. That there should be deducted from said Six Thousand Five Hundred ($6,500) Dollars the sum which was due and owing to the Conservative Mortgage Company at the time of said foreclosure of its said mortgage and costs of suit in the sum of $838.92, leaving a balance on April 17,

1928, in the sum of $5,661.08 which together with interest thereon at the rate of seven (7) per cent. from the 17th day of April, 1928, is subject to be applied in the payment of any deficiency which may accrue in favor of plaintiffs. * * * It is further ordered, adjudged and decreed that the defendants Conservative Mortgage Company of Lincoln, Nebraska, and John H. Fowler, are decreed to hold the sum of $5,661.08 with interest thereon from the 17th day of April, 1928, at the rate of seven (7) per cent. per annum for the benefit of the plaintiffs in this action, and to pay any deficiency which there may be determined after the sale of said premises."

The mortgaged property was subsequently sold for $12,-000, which, after the payment of interest, taxes and costs, left a deficiency of $6,593.78. On April 18, 1935, appellees filed an application for judgment against the Conservative Mortgage Company and John H. Fowler in the sum of $6,593.78. Appellants filed objections thereto in which they denied that the Conservative Mortgage Company was trustee or that either the Conservative Mortgage Company or John H. Fowler was in any way liable for a deficiency judgment. The trial court struck appellants' objections and entered the deficiency judgment as prayed. From this action by the trial court, an appeal was taken to this court.

The first question to be determined is whether the petition states a cause of action against the appellants Conservative Mortgage Company and John H. Fowler. The basis of the liability alleged was that the Conservative Mortgage Company was a trustee for the benefit of appellees and that liability accrued because of such relation. We do not believe that the allegations of the petition show any such relationship. The sole basis for appellees' contention that the Conservative Mortgage Company was trustee for appellees is the fact that the word "trustee" appears after the name "Conservative Mortgage Company" in the mortgage itself. "A trust * * * is a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with

the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Restatement, Trusts, sec. 2. There is no manifestation of any intent to create a trust shown, either for the benefit of appellees or any one else. That the use of the word "trustee" following the name of the grantee in the mortgage could not of itself establish a trust relation is fundamental. Under such circumstances many essential elements of a trust relation are lacking. No beneficiary is named, nor is any attempt made to impose enforceable duties upon the alleged trustee. We necessarily conclude that a trust relationship was not pleaded in the petition and that a cause of action making appellants personally liable was not stated therein.

Appellees contend, however, that appellants were properly served with summons in the foreclosure action and that they are now, after default, precluded from raising the defenses set out in the objections filed thereto. Appellees rely upon the cases of *Parratt v. Hartsuff*, 75 Neb. 706, 106 N. W. 966, *Union Central Life Ins. Co. v. Saathoff*, 115 Neb. 385, 213 N. W. 342, *Stuart v. Bliss*, 116 Neb. 305, 216 N. W. 944, and *Arnold v. Hawley*, 128 Neb. 766, 260 N. W. 284. It will be noted that, in each of these cases, the rule announced was dependent upon a cause of action showing personal liability being properly pleaded. But in the case at bar no cause of action was pleaded that would sustain the decree of the trial court. The decree adjudging personal liability in a foreclosure action must be sustained by the pleadings and, if not, the application for a deficiency judgment is subject to any defense that the person against whom it is sought may have.

The trial court therefore erred in striking the objections of appellants to the application for a deficiency judgment and in entering a deficiency judgment against them. The judgment of the trial court is therefore reversed and the cause remanded.

REVERSED.