COLUMBUS LAND, LOAN AND BUILDING ASSOCIATION, APPELLEE, V. KATIE WOLKEN ET AL., APPELLEES, FRED RABELER, JR., EXECUTOR, APPELLANT.

21 N. W. 2d 418

FILED JANUARY 11, 1946. No. 31996.

*Edward Asche,* and *Sidner, Lee & Gunderson,* for appellant.

*L. F. Otradovsky,* and *Walter, Flory & Schmid,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

The Columbus Land, Loan and Building Association of Columbus, Nebraska, a corporation, brought an action in the district court for Colfax County to foreclose a mortgage on lots 12 and 13, block 2, of Railroad addition to the village of Leigh, Colfax County, Nebraska. In this action it made Fred Rabeler, Jr., executor of the estate of Bernhard Wolken, deceased, Katie Wolken, Ben Wolken, and Phillip Wolken, parties defendant. After the premises had been sold, the sale confirmed, and the proceeds received therefrom applied on the amount found due the plaintiff the court, on motion of the plaintiff, entered a judgment against the defendant, Fred Rabeler, Jr., executor of the estate of Bernhard Wolken, deceased, for the balance remaining unsatisfied. The executor has appealed from the entry of this judgment.

For the purpose of this opinion the appellee, Columbus Land, Loan and Building Association of Columbus, Nebraska, will be referred to as plaintiff and Fred Rabeler, Jr., executor of the estate of Bernhard Wolken, deceased, one of several defendants, as the executor.

The record discloses that Bernhard Wolken departed this life on March 24, 1929, a resident of Colfax County and left a will dated June 19, 1925. This will, which nominated Fred Rabeler, Jr., as executor, was offered for probate in the county court of Colfax County and was, on June 4, 1929, allowed and admitted as the will of the deceased. The executor nominated therein qualified on June 20, 1929.

This will disposed of all the property of the deceased by the following provision: "SECOND, After the payment of such funeral expenses and debts, I give, devise and bequeath all my personal property and all my real estate to my beloved wife Katie, for her use during her natural life

only, and after her death all my said personal property and all my real estate of what-soever kind, shall be sold, and the proceeds thereof shall be divided as follows:—Two-thirds of said proceeds shall be divided equally, share and share alike, between my three sons, namely Ben, Edward and Phillip, and the other One-third of said proceeds shall be divided equally, share and share alike, between my grand children, (namely, children of the above mentioned three sons of mine, whoever they may be at that time)."

The personal property of the estate proved insufficient to satisfy the claims filed and allowed against the estate together with the costs of administration. Therefore, the executor of the estate made application to the district court for Colfax County for a license to mortgage lots 12 and 13 in block 2, Railroad addition to the village of Leigh, Colfax County, property of the deceased, for the sum of $4,500. The purpose of the loan was to pay the debts and costs of administration together with the sum still owing on a mortgage indebtedness on the premises. The court, on March 25, 1930, authorized the executor to execute and deliver to the plaintiff for and on behalf of the estate a first mortgage on the property above described in the sum of $4,500 and also a note or notes in the same amount to be secured thereby. The note and mortgage upon which the plaintiff based its foreclosure was executed and delivered to it by the executor on April 1, 1930, pursuant to the authority so granted him.

The executor thereafter filed his final account. The same was approved by the county court on June 13, 1930. On July 28, 1930, the executor was discharged.

On September 18, 1936, and again on April 27, 1939, the plaintiff entered into extension agreements with Katie Wolken, Ben Wolken, Edward Wolken, and Phillip Wolken wherein it extended the time for payment of the balance then owing upon the indebtedness secured by this mortgage.

On July 19, 1941, the plaintiff commenced its foreclosure action. Decree was entered therein on September 10, 1941, finding the amount due the plaintiff to be in the sum of

$3,442.60 with interest at six percent from July 1, 1941; that said amount is a first lien; and foreclosing the mortgage and directing a sale of the premises. On September 30, 1941, the executor, by his attorney, filed a written request for stay. On June 11, 1942, an order of sale was issued and pursuant thereto a sale of the premises was had. The sale was confirmed on September 9, 1942, and the proceeds applied on the indebtedness.

Katie Wolken having departed this life on March 3, 1942, the executor filed his petition in the county court of Colfax County on May 23, 1942, asking that his discharge be vacated and set aside and that he be reinstated as executor to carry out the provisions of the will. On June 30, 1942, the county court reopened the estate proceedings, decreed that the order of July 28, 1930, discharging the executor be vacated and set aside and that the executor be reinstated to carry out the provisions of the will.

On January 6, 1943, the plaintiff made application in the foreclosure proceedings for permission to withdraw the note and extension agreements for the purpose of bringing an action at law thereon against the defendants, or some of them, for the collection of any balance owing thereon. This request was granted by the court on the same day the application therefor was filed. Pursuant thereto and on October 22, 1943, an action was filed thereon in the district court for Colfax County by the plaintiff and against the executor, Ben Wolken, Phillip Wolken, and Phillip Wolken, administrator of the estate of Herman Edward Wolken, deceased. This action is still pending. Apparently, on June 28, 1944, this action was dismissed without prejudice as to the executor and administrator.

On June 28, 1944, the plaintiff filed its motion in the foreclosure proceeding asking for a deficiency judgment against the executor for the sum of $1,160.47 with interest at six percent from October 19, 1942, being the amount due on its indebtedness as determined in the decree of foreclosure, after the application thereon of the net proceeds from the sale of the property. To this motion the executor filed ob-

jections raising the questions which will hereinafter be discussed. The plaintiff filed its reply thereto and on the issues so raised a hearing was had and on March 28, 1945, the court entered the judgment from which the executor appealed.

The principal question presented by this appeal is whether a note and mortgage executed by the representative of an estate pursuant to authority granted by license of the court under the provisions of section 30-1201, Comp. St. 1929, binds the representative, and thereby the estate represented, for any deficiency remaining after the sale of the mortgaged premises.

That part of section 30-1201, Comp. St. 1929, which is material here provides as follows: "The district court or a judge thereof may under like circumstances, upon petition supported by competent testimony, showing that the best interests of the estate demand it, grant authority to the executors, administrators or guardians of estates, to mortgage any real estate belonging to such estate for such sum as may be required to pay or redeem existing mortgages on the real estate, to pay cash bequests provided for by will, federal transfer tax, state inheritance tax, costs of administration and outstanding debts of the estate."

It will be observed that the statute provides only that, "The district court or a judge thereof may * * * grant authority * * * to mortgage any real estate belonging to such estate * * *."

It is undoubtedly true that a mortgage contemplates a debt and that the relation of debtor and creditor must exist, for as stated in Lemke v. Lemke, 78 Neb. 525, 111 N. W. 138: "Unless they intended that the relation of debtor and creditor should arise as a result of the transaction, they certainly could not have intended that the conveyance was to operate merely as security for a debt. To constitute a mortgage the relation of debtor and creditor must exist. Budd v. Van Orden, 33 N. J. Eq. 143; Westlake v. Horton, 85 Ill. 228; Samuelson v. Mickey, 73 Neb. 852." And in Shriver v. Sims, 127 Neb. 374, 255 N. W. 60, we said: "A

mortgage is a mere security. It has no efficacy if unaccompanied by a debt or obligation. The debt is the principal thing; the land the incident. Davidson v. Cox, 11 Neb. 250." This same principle is stated in 1 Jones on Mortgages (8th ed.), s. 320, p. 401, as follows: "There can be no mortgage without a debt. There may be agreements for the performance of obligations other than the payment of money; but leaving these out of view, it is essential that there be an agreement, either express or implied, on the part of the mortgagor, or some one in whose behalf he executes the mortgage, to pay to the mortgagee a sum of money either on account of a pre-existing debt or a present loan."

However, this court has held that personal liability of the mortgagor is not necessarily incident to a mortgage and that a mortgage may be so framed or the authority to execute so limited as to exclude that element.

In the case of Seieroe v. First Nat. Bank of Kearney, 50 Neb. 612, 70 N. W. 220, the mortgage contained the following provision: "It is distinctly understood that the legal holder or holders hereof may immediately cause this mortgage to be foreclosed; but no general execution shall issue herein against the maker or indorser of said note, * * * and shall take the same (the mortgaged premises) in full satisfaction of said debt." In construing the note and mortgage together the court said: "Counsel for defendant in error argue that the construction contended for would nullify the promise to pay, which is the principal incident of the note, an interpretation, it is claimed, alike destructive of the contract and opening the doors to fraud and deceit. But to that argument we answer that an agreement such as is here involved is simply an acknowledgment by the mortgagee or pledgee that he relies upon the security exacted and not upon the personal credit of the promisor. Again, counsel overlook the fact that the note is but a part of the contract, and that the true character of the transaction is to be ascertained from the terms of each instrument as modified or limited by the conditions contained in the other. The agree-

ment in this case, when thus viewed, is susceptible of but one construction, viz., a pledge of the property described in the mortgage as security for the debt, limited by an undertaking on the part of the mortgagee to look to the property pledged for the satisfaction of his debt and exempting the makers and indorsers of the note from personal liability thereon."

In the case of Morris v. Linton, 4 Neb. (Unof.) 550, 95 N. W. 11, the mortgage and note were executed by virtue of a power of attorney. The provisions thereof material to the decision were as follows: "Know all Men by These Presents: That we, Adolphus F. Linton, and Phoebe R. E. E. Linton, his wife, of Brighton, England, have made, constituted and appointed, and by these presents, do make, constitute and appoint John Borland Finlay of the Commonwealth of Pennsylvania in the United States of America, our true and lawful attorney for us, or either of us, and in our, or either of our names, places and stead, to grant, bargain and sell, convey, exchange, assign, transfer, lease, mortgage or confirm any or all tracts, pieces or parcels or lots of real estate, as well as of coal, ore, petroleum or other valuable mineral claims, rights, interests or hereditaments, which have descended to, or been or may be acquired by or for the said Phoebe, or either of us, by gift, grant, demise, purchase, exchange or otherwise, in any of the states, districts, commonwealths or territories of the said United States of America or elsewhere." The court, in disposing of the personal liability of the Lintons upon a note and mortgage executed and delivered under the authority thereof, held: "Assuming to act under this power of attorney John B. Finlay executed the note and mortgage mentioned upon which it is sought to recover a deficiency judgment. From an inspection of the power of attorney quoted it is apparent that it furnishes no authority for the execution by the attorney in fact of a promissory note upon which either of the Lintons could be personally charged. It follows, therefore, that the order of the trial court in overruling the motion for a deficiency judgment and denying such judgment is right and should be affirmed."

"An executor or administrator, as such, has no inherent authority to borrow money; and loans to the representative which are not authorized by statute, will, or order of court do not bind the estate." 33 C. J. S., Executors and Administrators, s. 202, p. 1185. See, also, 21 Am. Jur., Executors and Administrators, s. 240, p. 508.

"Unless authorized by statute or by the terms of a will, a personal representative may not mortgage the decedent's realty, * * * ." 33 C. J. S., Executors and Administrators, s. 298, p. 1333. See, also, 21 Am. Jur., Executors and Administrators, s. 241, p. 509.

Therefore, in determining the rights of the parties under the note and mortgage, we must strictly construe the effect of the provisions of the statute pursuant to which the license was granted and limit the liability of the representative to such obligations as the statute expressly provided the court, or a judge thereof, might authorize him to make. The extent of the power expressly conferred upon the court was to authorize it, or a judge thereof, to grant authority to representatives of estates to mortgage any real estate belonging to it in order to pay certain debts and obligations thereof as in the statute specifically set forth. While the authority conferred undoubtedly permits the representative to create an obligation or indebtedness for which the mortgage is to be given as security, however, nowhere in the statute can we find any provision which authorizes the court to grant to the representative authority to bind himself to be liable therefor. In the absence of such statutory authority the representative was without authority to do so.

The executor, acting under the license granted him, executed the note and mortgage upon which it is sought to recover a deficiency judgment. From an analysis of the powers conferred upon the court, or a judge thereof, by the statute it is apparent that such license could furnish no authority for the executor to execute a note upon which he is liable and thereby obligate all other assets of the estate which he represented. Therefore, the owner or holder of such obligation, being limited in his rights to the authority

which the executor had by reason of the license granted to him, must, when he seeks to enforce it, look solely to the property mortgaged for the satisfaction thereof.

Appellee has cited the cases of Linton v. National Life Ins. Co., 104 F. 584, and Becker v. Linton, 80 Neb. 655, 114 N. W. 928, apparently for the purpose of showing that the principle announced in Morris v. Linton, *supra*, is no longer the law of this state. While these cases involve the same power of attorney, as in the case of Morris v. Linton, *supra*, the opinions are not based on the same legal principles. They are in no way contrary to nor do they in any way overrule the basis of the latter decision.

The record further presents the question of whether or not the findings of fact in the decree, from which the executor took no appeal but to which he did file a stay, are such as to determine and fix his liability and prevent him from raising that question in this proceeding.

The county court had discharged the executor on June 28, 1930, and did not reinstate him until June 30, 1942,. so that at the time the foreclosure was brought, the service obtained, decree entered, and stay taken he was formally discharged. However, in Hazlett v. Estate of Blakely, 70 Neb. 613, 97 N. W. 808, we held: "The law appears to be that the formal discharge contained in the decree on final accounting applies only as to the accounts of the parties up to that period. The trust of an administrator or executor is a continuing one, and a decree of final accounting does not destroy the relation of such officer, but only discharges him from liability for the past. 2 Woerner, American Law of Administration (2d ed.), sec. 571." And in Parker v. Luehrmann, 126 Neb. 1, 252 N. W. 402, we reaffirmed this holding as follows: "The fact that the estate had been administered, final decree entered, and the property assigned and distributed to the heirs at law, and the administrator discharged, did not bar or defeat this action against the administrator of the estate. The trust of an administrator is an enduring one, and the decree upon final accounting only discharges him from liability for the past. Brink-

worth v. Hazlett, *supra;* Hazlett v. Estate of Blakely, *supra;* Brownell v. Adams, *supra;* In re Estate of Bolton, *supra;* 2 Woerner, American Law of Administration (2d ed.) 1373, sec. 571."

The petition alleges in part as follows: "That on or about the 1st day of April, 1930, defendant, Fred Rabeler, Jr., Executor of the Estate of Bernhard Wolken, deceased, made, executed and delivered to plaintiff his promissory note for $4500.00, * * * there is due it thereunder for principal and interest as above set forth, the sum of $3,442.60 with interest * * * ." The note, which is part of the petition, contains the following: "Received as a loan * * * , the sum of Four Thousand Five Hundred and no/100 Dollars which sum I agree to repay * * * ." The prayer is in part as follows: " * * * that defendants, or some of them, be ordered and directed to pay plaintiff the sum so found due with interest thereon, * * * for such other and further relief as to the court may seem just and equitable." In Parratt v. Hartsuff, 75 Neb. 706, 106 N. W. 966, we held: "They also objected because the prayer of the original petition did not ask for a deficiency judgment against them. The allegations of the petition, however, were that they were the makers of the note, and this allegation was sufficient to sustain the finding in the decree that they were liable as makers of the note which the mortgage was given to secure. As against these plaintiffs in error, therefore, the judgment of the district court is fully supported." And in Smith v. Allen, 72 Neb. 170, 100 N. W. 129, we held: "As to the contention that the district court had no jurisdiction to render a deficiency judgment, it seems that this is based upon the proposition that the prayer of the cross-petition is not sufficient to justify the rendition of such a judgment against the defendant. The prayer was a general prayer for equitable relief. In Grand Island Savings & Loan Ass'n v. Moore, 40 Neb. 686, in which there was only a prayer for general equitable relief, as in this case, it was held that this was sufficient to justify the rendition of the deficiency judgment. See, also, Kelley v. Wehn, 63 Neb. 410."

The decree reads in part: " * * * the court finds generally for the plaintiff and against all defendants; finds that the allegations of plaintiff's petition are true; that the note and mortgage therein set forth were duly executed and delivered and default made thereunder as therein alleged; * * * that there is now due plaintiff on said note and mortgage from the makers thereof * * * the sum of $3,442.60 with interest * * * ." From a review of the allegations of the plaintiff's petition, which the decree found to be true, and the specific findings set out in the decree, it has been judicially determined that the district court granted a license to the executor authorizing him to execute and deliver the note and mortgage foreclosed; that pursuant to the license so granted the executor did execute and deliver the note and mortgage to the plaintiff; that the note provided that the executor would repay the sum so borrowed; that the amount due and owing on said note from the makers is in the sum of $3,442.60 with interest; that the same constitutes a first lien on the premises; that default has been made in the terms and conditions of the note and mortgage and that plaintiff is entitled to a foreclosure thereof.

As stated in Smith v. Allen, *supra*: "If the facts which determined the liability of the defendant to a judgment for a deficiency were ascertained and adjudicated upon the original decree in the foreclosure case, it is now too late for him to seek a re-examination of this question. This court has been very liberal in its holdings in regard to the right of parties to litigate the question of liability for a deficiency at any stage of the proceedings. But it has uniformly held that, where this issue has been determined in the original decree the parties will not be allowed to open up the same and relitigate the question upon a motion for a deficiency judgment."

In Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342, we held:

"In a suit to foreclose a mortgage on real estate, the execution of the contract, the breach thereof, the identity of the real estate described therein, and the amount remaining

due thereon are material and necessary issues to be determined by the decree.

"In such a suit, the findings of fact contained in the decree on issues properly pleaded are not subject to review on objections to a deficiency judgment."

This rule is further stated in Parker v. Bourke, 131 Neb. 617, 269 N. W. 102, as follows: "Appellees contend, however, that appellants were properly served with summons in the foreclosure action and that they are now, after default, precluded from raising the defenses set out in the objections filed thereto. Appellees rely upon the cases of Parratt v. Hartsuff, 75 Neb. 706, 106 N. W. 966, Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342, Stuart v. Bliss, 116 Neb. 305, 216 N. W. 944, and Arnold v. Hawley, 128 Neb. 766, 260 N. W. 284. It will be noted that, in each of these cases, the rule announced was dependent upon a cause of action showing personal liability being properly pleaded. But in the case at bar no cause of action was pleaded that would sustain the decree of the trial court. The decree adjudging personal liability in a foreclosure action must be sustained by the pleadings and, if not, the application for a deficiency judgment is subject to any defense that the person against whom it is sought may have."

The question of the liability of the executor upon the note executed and delivered by authority of a license granted by the district court to mortgage certain property of the estate under a statute authorizing it to do so not having been raised by the pleadings nor determined in the decree is, therefore, a proper defense that may be raised when objecting to a motion for a deficiency judgment.

Such defense being available and, under our holding herein, the representative of an estate not being liable the objections should have been sustained and the motion denied.

In view of our holdings, the other questions raised in the briefs need not be determined. The judgment of the lower court is reversed.

REVERSED.