TENA E. GLISSMANN ET AL., APPELLANTS AND CROSS-APPELLEES, V. EDMOND H. ORCHARD, APPELLEE AND CROSS-APPELLANT, SERENA E. GRABOW ET AL., APPELLEES.

41 N. W. 2d 756

Filed March 10, 1950. No. 32738.

Samuel L. Winters, Oscar Doerr, and Henry Glissmann, pro se, for appellants.

Gray & Brumbaugh, and Edmond H. Orchard, pro se, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Tena E. Glissmann and Henry C. Glissmann, appellants, and Edmond H. Orchard, appellee and cross-appellant, are the parties now interested in this case. Serena E. Grabow and John J. Grabow have disclaimed any interest, and by their request this appeal has been as to them finally dismissed. Harriet C. Orchard died during the pendency of this case and Edmond H. Orchard, appellee, succeeded to any rights she had in the subject matter of the controversy.

Appellants claim they gave notice of their desire to exercise the option to purchase and offered to surrender possession of the premises described in the lease and

option agreement made a part of their pleadings and hereinafter referred to; that they requested appellee to advise them the amount of credits and security received by him for their benefit; that he contended that he held nothing for their benefit; that by action in court he dispossessed them of the premises; that appellee violated the terms of the agreement and failed to hold the $5,500 assigned to him as security; that appellants are entitled to the benefits of the $5,500 and the $1,500 equity transferred to appellee as provided by the agreement; and they ask for an accounting of the securities transferred to appellee.

Appellee denied all claims of appellants, except he conceded and pleaded the lease and option agreement; that Serena E. Grabow transferred to appellee the properties as security as evidenced by it; that appellants were dispossessed of the premises on January 23, 1942; that appellants and Serena E. Grabow and John J. Grabow were obligated to perform the terms of the agreement; that they were liable because of the agreement for rent, taxes, insurance premiums, waste, and expenses of litigation in which appellee had been involved which had accrued during the years of 1939, 1940, 1941, and to February 12, 1942; and he asked judgment for the amount thereof with interest against them.

The district court found that appellants were entitled to recover from appellee $1,500 (without interest), the undisputed value of the equity in the five-acre tract; that the lease option and agreement was terminated by foreclosure on October 31, 1939; that Edmond H. Orchard had succeeded to all rights and liabilities of Harriet C. Orchard; that there was due from appellants to appellee $5,963.13, composed of rent, taxes, and insurance premiums accrued during the period from June 15, 1939, to February 12, 1942; that the $1,500 should be offset against said amount; and that there was a net balance due appellee from appellants of $4,463.13 and judgment was entered therefor in harmony with the findings. There

was no motion for a new trial. There is no bill of exceptions. The case is here for review on the transcript.

An agreement bearing date of March 28, 1929, made by appellee and his wife, as first parties, and Serena E. Grabow and John J. Grabow, as second parties, evidenced the transfer to Edmond H. Orchard by Serena E. Grabow of $5,500 of her interest in the estate of Hans C. Glissmann, deceased, and an equity of the value of $1,500 resulting from a transaction involving a five-acre tract of land described in detail in the agreement. The agreement provided that these items were to be held by first parties as security for the performance of the obligations of the agreement by second parties and to be disposed of, in the event of their failure to purchase the premises described in the contract under an option granted by it, and the surrender by them of the possession of the premises to first parties, by their surrender and transfer of all funds held by them as security to second parties, less any part thereof applied to the satisfaction of any items designated in the agreement then due and unpaid to first parties. This instrument was a lease and option agreement made on behalf of, and for the benefit of appellants as the real parties of the second part.

Litigation involving the lease and option agreement, the subject matter thereof, and transactions relating to and induced thereby, has been frequent and long, and has been determined by this court in several cases. They were interwoven, and in many respects interdependent. Appellants and appellee have been principal adversaries therein. This is a proper case for application of the doctrine that: " '* * * where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action.' " Koehn v. Union Fire Ins. Co., *ante* p. 254, 40 N. W. 2d 874.

It had been adjudicated before this case was commenced that appellants had no interest in or right to any part of the $5,500 furnished to appellee by Serena E. Grabow as shown by the lease and option agreement as security for the performance of the obligations thereof by second parties named therein. Glissmann v. Orchard, 139 Neb. 344, 297 N. W. 612. That this was the effect of the decision in that case is made certain by the language of a later case. Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649.

The equity of $1,500 because of the transaction involving the five-acre tract of land was the property of Tena E. Glissmann and was assigned by her to Serena E. Grabow to enable her to transfer it as security to appellee and his wife. Appellee recognized that he was not entitled to retain this. He asked for instructions of the court for its disposition in the case in which he sought and secured foreclosure of the lease and option agreement. Glissmann v. Orchard, supra. Serena E. Grabow has, by her disclaimer and motion to dismiss the appeal in this case, conceded the correctness of the finding and judgment of the district court awarding this to appellants. It was said by this court in the last case in this litigation that such rights as remained because of the lease and option agreement having existed belonged to Tena E. Glissmann. Glissmann v. Bauermeister, supra. This equity was at the inception of the agreement the property of Tena E. Glissmann, and under the terms thereof was to be returned by appellee if the option of purchase was not exercised and the title to the premises, the subject thereof, conveyed by appellee. The option was not exercised and the title to the premises was made complete in appellee as a result of the foreclosure. The appellants are entitled to the benefit of the value of this equity, $1,500 with interest thereon at legal rate from October 31, 1939.

The attempt of appellee to secure an accounting and a recovery herein for rents, taxes, insurance, waste, and

expenses incurred by him in former litigation under and because of the terms of the lease and option agreement, is futile and without legal warrant. An accounting as to all items of liability because of the agreement was the purpose and final result of a former case by the parties to this case. The amount of the liability under the agreement was put in issue, litigated, and determined by the district court and this court. Glissmann v. Orchard, *supra.* It was said by this court that the matter of the accounting on the lease and option agreement was finally adjudicated in that case. Glissmann v. Bauermeister, *supra.* That was necessarily true because it was the very purpose of the litigation and every liability provided for by the agreement was an issue therein whether specifically or actually raised or not. Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342; Columbus Land, Loan & Bldg. Assn. v. Wolken, 146 Neb. 684, 21 N. W. 2d 418, 165 A. L. R. 1285. When that case was finally concluded the agreement was exhausted and terminated. The general rule of merger applies without limitation or exception. State ex rel. Spillman v. Citizens State Bank, 115 Neb. 593, 214 N. W. 6; Restatement, Contracts, § 444, p. 831; 30 Am. Jur., Judgments, § 151, p. 903. No new liability or indebtedness could possibly accrue because of the fact that the agreement had existed. The result of the litigation was a victory for the appellee, and he accepted and has retained the benefits thereof. He cannot now be heard to contend otherwise. The date of the exhaustion and termination of the agreement by final adjudication was as of October 31, 1939. The district court was in error in finding any amount due appellee in this case because of any claim pleaded by him. What he claimed was barred by a final adjudication, and the judgment awarding it to appellee was a nullity. It was said in Glissmann v. Bauermeister, *supra:* "Any right, fact, or matter in issue, directly adjudicated or necessarily involved in the determination of an action before a competent court in

which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. * .* *   If the district court attempts to render judgment on a subject within its general jurisdiction but which is not properly before it such judgment is a nullity."

Appellee asserted no claim of liability against appellants by pleading or otherwise for the value of the use or for damages for waste or injury to the real estate because of the occupancy of it by them from the date of the foreclosure of the agreement as an equitable mortgage until the time they were dispossessed January 23, 1942, or for any other period.  A judgment of personal liability must be supported by a pleading.  There was no cause of action pleaded by appellee that sustains the finding and judgment of personal liability of appellants. Columbus Land, Loan & Bldg. Assn. v. Wolken, *supra*.

The judgment in this case should be, and is, that the judgment of the district court is reversed and that appellants have and recover from appellee Edmond H. Orchard the sum of $1,500, with interest thereon at six percent per annum from October 31, 1939.

REVERSED.

JUDGMENT FOR APPELLANTS.